37  537
e42  480
42  481

[No. 5206.  Decided March 22, 1905.]

THOMAS J. CLARK, *Respondent*, v. GREAT NORTHERN
RAILWAY COMPANY *et al., Appellants.*[1]

CARRIERS—REMOVAL OF TRESPASSERS FROM TRAIN—FORCE NECES-
SARY—RESISTANCE.  In removing trespassers from a train, the
employees may use such force as appears reasonably necessary,
and where forcible resistance is offered, the jury should not
weigh with too much nicety the force resorted to.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT—
EXERCISE OF DISCRETION BY TRIAL JUDGE.  When the trial judge is
satisfied that the verdict is against the weight of the evidence,
and that substantial justice has not been done, it is his duty to
grant a new trial, the rules governing the trial and appellate
courts being wholly different; and where the trial judge denies
a new trial after expressing an opinion at variance with the
ruling, he fails to properly exercise his discretion, and the ruling
will be reversed on appeal.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered January 14, 1904, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for damages for the use of unnecessary force in re-
moving the plaintiff from a train.  Reversed.

*M. J. Gordon* and *C. A. Murray,* for appellants, con-
tended, among other things, that damages for removing a
trespasser from a train cannot be recovered unless the force
used was excessive to a degree indicating wanton, wilful or
reckless conduct. *Atchison etc. R. Co. v. Gants,* 38 Kan.
608, 17 Pac. 54, 5 Am. St. 780; *Atchison, Topeka etc. R.
Co. v. Brown,* 2 Kan. App. 604, 42 Pac. 588; *Hall v.
Memphis etc. R. Co.,* 15 Fed. 57; Thompson, Negligence,
§§ 3307, 3308, 3216; *Illinois Cent. R. Co. v. King,* 13
Am. & Eng. R. R. Cases (New Series) 829; *Handley v.
Missouri Pac. R. Co.,* 61 Kan. 237, 59 Pac. 271; Fetter,

[1]Reported in 79 Pac. 1108.

Carriers of Passengers, § 240; *Kiley v. Chicago City R. Co.,* 189 Ill. 384, 59 N. E. 794, 82 Am. St. 460, 52 L. R. A. 626; *Moore v. Columbia etc. R. Co.,* 38 S. C. 1, 16 S. E. 781; 4 Rapalje & Mack's Digest Railway Law, p. 197.

*Merritt & Merritt* and *Barnes & Latimer,* for respondent, to the point that the defendants were liable for the use of unnecessary force, cited: *Wright v. Cal. Cent. R. Co.,* 78 Cal. 360, 20 Pac. 740; *Lillis v. St. Louis etc. R. Co.,* 64 Mo. 464, 27 Am. Rep. 255; *North Chicago City R. Co. v. Gastka,* 128 Ill. 613, 21 N. E. 522, 4 L. R. A. 481; *Gallena v. Hot Springs R.,* 13 Fed. 116; *McClure v. Philadelphia etc. R. Co.,* 34 Md. 532, 6 Am. Rep. 345; *Haver v. Central R. Co.,* 64 N. J. L. 312, 45 Atl. 593; *Moore v. Columbia etc. R. Co.,* 38 S. C. 1, 16 S. E. 781; *Western etc. R. Co. v. Turner,* 72 Ga. 292, 53 Am. Rep. 842; *Coyle v. Southern R. Co.,* 112 Ga. 121, 37 S. E. 163; *Biddle v. Hestonville etc. R. Co.,* 112 Pa. St. 551, 4 Atl. 485; *St. Louis etc. R. Co. v. Osborn,* 67 Ark. 399, 55 S. W. 142; *Lake etc. R. Co. v. Pierce,* 47 Mich. 277, 11 N. W. 157; *Haman v. Omaha Horse R. Co.,* 35 Neb. 74, 52 N. W. 830; *Sanford v. Eighth Ave. R. Co.,* 23 N. Y. 343, 80 Am. Dec. 286; *Citizens' St. R. Co. v. Willoeby,* 134 Ind. 563, 33 N. E. 627; *Chicago St. etc. R. Co. v. Bills,* 104 Ind. 13, 3 N. E. 611; *Peck v. New York etc. R. Co.,* 70 N. Y. 587.

PER CURIAM.—This case was before this court on a former appeal. The opinion will be found in 31 Wash. at page 658, 72 Pac. 477. In addition to the statement of facts contained in the former opinion, we deem it sufficient to say that the plaintiff was a trespasser on the Great Northern train out of Spokane, and refused to leave the train at the request of the conductor in charge, who is one of the defendants in this action. The plaintiff was forcibly ejected from the train at Hilliard, in Spokane county,

and brought this action against the railway company and its conductor to recover damages for injuries received at the time of his expulsion.

Only two questions are presented by the pleadings; one, the question of excessive force used in ejecting the plaintiff from the train; the other, the amount of damages sustained. The plaintiff had judgment below and defendants appeal. All the errors assigned relate to instructions given, or requested instructions refused, and to the refusal of the court to grant a new trial. It was conceded at the trial that the respondent was a trespasser on the train, and offered resistance to his removal. Under these circumstances, the appellants requested the court to charge the jury that they would only be liable in case of palpable and perfectly apparent use of force, beyond that which was necessary to be used in overcoming the resistance offered by the respondent, and that there could be no recovery for injuries received except such as were wilfully, wantonly, or maliciously inflicted. On the other hand, the court instructed the jury that the appellants were liable for the use of force beyond that which was necessary to be used in overcoming the resistance offered by the respondent, and that the appellants were not liable for injuries received except such as were the result of the use of excessive force. The true rule is that, in removing trespassers from a train, the employees of the company may use such force as appears reasonably necessary, under all the circumstances, to accomplish the end in view; and, if the trespasser offers forcible resistance, a jury should not weigh with too much nicety the degree of force resorted to. We think the instructions given in this case fairly come within the above rule, but, inasmuch as the judgment must be reversed on other grounds, it is unnecessary to comment further on the instructions, as the same questions will not arise again.

In passing upon the motion for a new trial, the court below used the following language:

"I am compelled, though reluctantly, to deny the motion for a new trial in this case. My reluctance arises from the fact that, in my opinion, the weight of the evidence did not sustain the contention that excessive force was used in ejecting plaintiff from the train; but that issue was submitted to the jury, and was decided in favor of the plaintiff, and as, under our judicial system, the trial judge in a civil jury case has little more power or authority than a 'mentor at a town meeting,' I am not at liberty to disturb the jury's finding on that issue."

It appears from the foregoing statement that the trial court labored under an entire misapprehension as to its powers and its duties. Our statute provides that a new trial may be granted, among other grounds, for insufficiency of the evidence to justify the verdict; and this power must be exercised by the trial courts, if at all. These courts should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside. In *Kansas Pac. R. Co. v. Kunkel*, 17 Kan. 172, Mr. Justice Brewer, says:

"The judge has the same opportunity as the jury for forming a just estimate of the credence to be placed in the various witnesses, and if it appears to him that the jury have found against the weight of the evidence, it is his imperative duty to set the verdict aside."

In *Reid v. Piedmont etc. Life Ins. Co.*, 58 Mo. 421, the court says:

"Where the trial court is of the opinion that the verdict is not supported by the evidence, or is against the weight

of the evidence, it should never hesitate in exercising the power and giving the aggrieved party a new trial."

In *Dickey v. Davis,* 39 Cal. 565, the court says:

"If the judge is not satisfied with the verdict and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony."

In *Kansas City etc. R. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 109, the court says:

"When the judgment of the trial judge tells him the verdict is wrong, whether from mistake or prejudice or other cause, no duty is more imperative than that of setting it aside, and remanding the questions at issue to another jury. While the case is before the jury for their consideration the jury are the exclusive judges of all questions of fact; but when the matter comes before the court, upon a motion for a new trial, it then becomes the duty of the trial judge to determine whether the verdict is erroneous. He must be controlled by his own judgment, and not by that of the jury."

In State v. Billings, 81 Iowa 99, 46 N. W. 862, the court says:

"To a valid judgment the law requires, first, that there shall be a verdict upon evidence to satisfy the minds of the jury, beyond a reasonable doubt; and, second, that the judge who presides at the trial shall believe that the evidence is sufficient to justify the finding."

In *Kansas City etc. R. Co. v. Ryan, supra,* in disposing of a motion for new trial, the trial judge, among other things, stated "that the verdict did not meet the approval of his judgment," that it was "largely in excess of what would be full compensation to the owner of the land," that he would "stand out of the way," and then overruled the motion. In passing upon such ruling, the appellate court said:

"In the case at bar the opinion of the trial judge is preserved in the case made; therefore it is properly here for

our consideration. This court has the right to ascertain from a record made up and certified to in due form whether the verdict of the jury has the approval of the trial judge. He has the same opportunity to see and hear the witnesses as the jury; and if, in his judgment, the jury have erred, it is proper, in disposing of a motion for a new trial, for the trial judge to so state. If he disapproves the verdict in as strong language as quoted, this court, having that knowledge from the record, will not hesitate to reverse the judgment and grant a new trial."

In *Miller v. Dumon*, 24 Wash. 648 64 Pac. 804, this court says:

"Generally, where the record discloses that the trial court has expressed the opinion that the verdict is not sustained by the evidence, or is contrary to the weight of the evidence and refuses to grant a new trial, the appellate court will reverse the judgment for an abuse of discretion (*Tacoma v. Tacoma Light & Water Co.*, 16 Wash. 288, 47 Pac. 738, and cases cited); but it must appear that the trial judge had this opinion; it must appear that he believed that the verdict was clearly against the weight of the evidence."

The numerous cases cited by the respondent from this court are not in point. The rules governing trial courts and appellate courts in this regard are wholly different. The distinction is clearly pointed out in the case of *Dewey v. Chicago etc. R. Co.*, 31 Iowa 373. where the following language is used:

"We therefore avail ourselves of this occasion to correct what we understand to be a very general misapprehension on the part of district and circuit judges in respect to the rule as to new trials in the *nisi prius* courts. This court has repeatedly declared the rule for itself (and such is the rule in most appellate tribunals), that where the evidence is conflicting and the *nisi prius* court has overruled a motion for a new trial, grounded upon the insufficiency of the evidence, that we will not interfere. And this because, first, the jury have found the verdict and given credit to

the witnesses on the one side of the conflict; second, the judge, who also heard the testimony from the mouths of the witnesses, and weighed the same in the balance of his more cultured and accurate legal judgment, has, by over-ruling the motion, given his approval and indorsement to the verdict; and third, this court can never have the benefit of observing the conduct and deportment of the witnesses while testifying, nor even the peculiarity of their expressions, but generally only the substance of their testimony and often in the language of the attorneys interested in the cause. A mention of these considerations upon which the rule for the appellate courts is (in part) founded, is sufficient to show that the rule ought not and does not have any application whatever to the *nisi prius* courts. Those courts ought to independently exercise their power, to grant new trials, and, with entire freedom from the rule which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case. Whenever it appears that the jury have, from any cause, failed to respond truly to the real merits of the controversy, they have failed to do their duty, and the verdict ought to be set aside and a new trial granted."

For the foregoing reasons, we think the trial court erred in two respects in denying the motion for a new trial: First, because it expressed an opinion at variance with its ruling; and second, because it failed to properly exercise the power and discretion vested in it. Numerous affidavits and counter affidavits were filed tending to show misconduct on the part of the jury, and the reverse. These questions will not arise on a new trial, and the court will not consider them. For the error in denying the motion for a new trial, the judgment is reversed and a new trial granted.