[No. 9485.   Department One.   August 10, 1911.]

N. T. NASLUND, *Respondent,* v. SVEA INSURANCE COMPANY,
*Appellant.*[1]

INSURANCE—CANCELLATION OF POLICY—EVIDENCE — QUESTION FOR
JURY.  Upon a direct conflict in the evidence as to whether a fire
insurance policy had been cancelled before the fire, the matter de-
pending upon the credibility of the witnesses, the question is for
the jury.

NEW TRIAL—CONFLICTING EVIDENCE—REASONS FOR DENIAL.  The
denial of a new trial, with expressions indicating that the trial
judge would have arrived at a different conclusion, is not error,
where the court did not indicate that the verdict was not sustained
by the evidence, but only that he was in doubt about it.

[1]Reported in 117 Pac. 264.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered September 17, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a policy of fire insurance. Affirmed.

*H. A. P. Myers* and *Granger & Clarke*, for appellant.

*S. A. Bostwick* and *Andrew Johnson*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover upon a policy of fire insurance. The complaint alleged, that the defendant issued to the plaintiff a certain policy of insurance covering a stock of goods belonging to the plaintiff, in Everett, Washington, which policy insured the plaintiff against loss by fire to the extent of $1,500; that the goods were wholly destroyed by fire on August 2, 1909, while said policy was in force, and plaintiff's loss by reason of the fire was in excess of $1,500. Defendant's answer admitted the execution of the policy, but alleged affirmatively that the plaintiff, prior to the fire, surrendered and ordered the cancellation of the policy; that in pursuance of such order the policy was cancelled, on July 22, 1909, prior to the date of the fire. Plaintiff denied the cancellation of the policy. This issue of fact was the only one in the case. All the other facts were admitted. The case was tried to the court and a jury. The trial resulted in a verdict in favor of the plaintiff. The defendant thereupon filed a motion for a judgment *non obstante veredicto*, and also a motion for a new trial. These motions were overruled by the trial court, and a judgment was entered upon the verdict. The defendant has appealed.

It is argued that the court erred in denying these motions. There is abundant evidence in the record to support a verdict upon either side. The evidence offered by the defendant shows that the policy was cancelled and a complete settlement had between the parties on July 22, 1909, and that the fire occurred on August 2, 1909. The evidence offered by the plaintiff shows that the policy was not surrendered

for cancellation, but was in force at the time of the fire; and
in order to account for the fact that the policy was in pos-
session of the agent of the defendant at the time of the fire,
the plaintiff's daughter testified that, soon after the policy
was delivered to the plaintiff, she took the same, by direction
of her father, to place it in a bank for safe keeping; that
while on her way to the bank, she called at the office of the
agent of defendant to make a collection from him, and there
by mistake left the policy, where it remained until after
this action was begun.   There was a direct conflict in the
evidence upon the question of the cancellation of the policy;
so that, when the case was finally submitted, the jury was
required to find that the witnesses for one side or the other
were entirely mistaken or had testified falsely.   The case was
therefore clearly one for the jury, and the court did not err
in refusing to enter a judgment *non obstante*.

In passing upon the motion for a new trial, the trial judge
indulged in much talk upon what he conceived the rule to
be in cases of this kind.   He also indulged in some criticism
of this court, and said that, if he had been trying the facts,
he might have arrived at a conclusion different from the one
arrived at by the jury; and gave the inference that he prob-
ably would have done so.   Counsel for the appellant now in-
sist that, because the trial court was convinced that the ver-
dict of the jury was wrong, it was his duty to set it aside,
under the rule in *Clark v. Great Northern R. Co.*, 37 Wash.
537, 79 Pac. 1108.   We have carefully read the evidence and
the statements made by the trial court, and we are not satis-
fied that the court was of the opinion that the verdict was not
sustained by the evidence, or was against the weight of the
evidence; and for that reason the case is not controlled by
the cases cited.   The trial court evidently had some doubts
that the verdict was a correct one; as we have.   But he did
not say, and we think did not mean to infer, that the verdict
was in his opinion not sustained by the evidence, or was con-

trary to the weight of the evidence.  He meant simply that he was in doubt upon that question.

The judgment must therefore be affirmed.

DUNBAR, C. J., and GOSE, J., concur.

FULLERTON, J., concurs in the result.