[No. 16510. Department Two. September 19, 1921.]

## F. M. BLACK, *Appellant,* v. S. W. THOMPSON *et al., Respondents.*[1]

APPEAL (406) — REVIEW — DISCRETION—NEW TRIAL. The grant of a new trial on the ground of insufficiency of the evidence will not be disturbed on appeal, where the evidence was conflicting and there is nothing in the record to show an abuse of the discretion lodged in the trial court.

SAME (476)—SUBSEQUENT APPEALS—FORMER DECISION AS LAW OF CASE—NEW TRIAL. The reversal of a case on prior appeal for error in granting motion for dismissal and nonsuit, and remanding the case with direction to pass upon defendants' motion for new trial has no influence on a subsequent appeal from an order granting a new trial.

Appeal from an order of the superior court for Clarke county, Back, J., entered October 6, 1920, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for fraud. Affirmed.

*Crass & Hardin,* for appellant.

*Miller & Wilkinson,* for respondent.

BRIDGES, J.—By this action the plaintiff sought to recover damages of the defendant because of alleged misrepresentations growing out of a mutual exchange of lands. The verdict of the jury was in favor of the plaintiff. He has appealed from an order granting defendants' motion for a new trial.

[1]Reported in 200 Pac. 1106.

The new trial was granted because of insufficiency of the evidence to justify the verdict, and because of errors occurring at the trial. We have always held that the granting or refusing to grant a new trial is wholly in the discretion of the trial court, and that upon appeal we will not interfere, unless from an examination of the record we are convinced that the trial court has abused its discretion. We have also many times held that, if the trial court believes that the verdict of the jury is not supported by the evidence and that there has been a miscarriage of justice, it is its duty to grant a new trial.

In the case of *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760, we said:

"Courts should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

In the case of *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907, we said:

"In this case it was within the discretion of the court to grant a new trial on the ground of insufficiency of the evidence to justify the verdict. While it is the duty of the trial court to grant a new trial when it appears to the court that the verdict is manifestly against the weight of the evidence and the justice of the case, the rule is different in appellate courts. On appeal the orders of the trial court in granting or refusing new trials will not be disturbed where the record shows a substantial conflict in the testimony."

See, also, *Ziomko v. Puget Sound Elec. R. Co.*, 112 Wash. 426, 192 Pac. 1009. The foregoing are only a few of the many cases out of this court to the same effect.

The testimony here was conflicting. The trial court in granting the new trial manifested a belief that there had been a miscarriage of justice. There is nothing in the record to show that he abused his discretion.

But the appellant thinks the usual rules are inapplicable here because this case was before this court once before on the same testimony that is here now. *Black v. Thompson,* 110 Wash. 379, 188 Pac. 393, When the verdict was rendered against the defendant below, it moved for a new trial, and the trial court, instead of ruling upon that motion, entered a judgment sustaining the defendant's motion for a nonsuit, made during the trial of the case, and dismissed the action. It was from that disposition of the case that the former appeal was taken. In that appeal we simply decided that the trial court was in error in sustaining the nonsuit and dismissing the case, and we reversed the judgment and returned the case to the trial court with directions to consider and rule upon the motion for a new trial. The court then heard the motion for new trial and granted it, and the appeal now before us is in that matter. The former appeal can have no effect or influence on the question now before us. The question in the first appeal was whether or not the case was properly nonsuited and dismissed. The question before us now is whether the trial court abused its discretion in granting a new trial. Under these circumstances it is manifest that we did not, and could not, under the first appeal, decide or even consider the question now before us. This appeal stands as though the first appeal had never been taken. The judgment is affirmed.

PARKER, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.