[No. 18874. Department One. January 30, 1925.]

LEONA W. GRIFFIN, *as Administratrix of the Estate of Roy H. Griffin, Deceased, Appellant,* v. CHARLES WILSON *et al., Respondents.*[1]

APPEAL (406) — REVIEW — NEW TRIAL — DISCRETION. An order granting a new trial for insufficiency of the evidence to sustain the verdict is within the discretion of the trial court, where testimony was conflicting, and the trial judge was satisfied that it was against the weight of the evidence.

Appeal from an order of the superior court for Thurston county, Wright, J., entered February 11, 1924, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Bates & Peterson, Vance & Christensen,* and *G. E. Peterson,* for appellant.

*Troy & Yantis,* for respondent.

MAIN, J.—The plaintiff brought this action to recover for the wrongful death of her husband, claimed to be due to the negligence of the defendants. The action is brought by the plaintiff for herself, as the widow of her deceased husband, and also on behalf of their minor children. The cause was tried to a jury, and resulted in a verdict in favor of the plaintiff in the sum of $10,000. The defendants made a motion for a new trial, setting up the various statutory grounds, among which was that the evidence was insufficient to justify the verdict. This motion was sustained and an order entered granting a new trial. This order is general in its terms and does not specify any particular ground upon which it was granted. From the order granting the new trial, the plaintiff appeals.

[1]Reported in 232 Pac. 690.

The appellant argues that there were no errors committed during the trial, and that therefore it was an abuse of discretion on the part of the trial court to grant the motion for a new trial. The position seems to be that, even though the evidence was conflicting, yet if there was no reason in law justifying a new trial, it was an abuse of discretion to order one. This view cannot be accepted as a correct statement of the law. It was held in *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, that this court would not disturb the order of the trial court granting a new trial on the ground that the evidence was insufficient to justify the verdict, where there was a substantial conflict in the evidence. In the recent case of *Alberts v. Rasher, Kingman, Herrin,* 128 Wash. 32, 221 Pac. 975, the doctrine of that case is again announced. In addition to these two cases, there are many others decided by this court which hold to the same effect, but it is not necessary to assemble them here.

If, after giving full consideration to the testimony in the light of the verdict, the trial judge was still satisfied that the verdict was against the weight of the evidence, and that substantial justice had not been done between the parties, it was his duty to grant a new trial. In *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760, it was said:

"These courts [trial courts] should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

The appellant further contends that there was really no conflict in the evidence, but we do not so view the

record. The accident in which Roy H. Griffin, the appellant's husband, lost his life was a collision between two automobiles. The evidence as to the manner in which the accident happened and what caused it, as detailed by the witnesses of the respective parties, is in conflict. It seems to us that there is no escape from the conclusion that there was substantial evidence upon each side of the issue.

The judgment will be affirmed.

TOLMAN, C. J., BRIDGES, and PARKER, JJ., concur.