[No. 19138.   Department One.   July 27, 1925.]

Clara B. Volz, *Respondent*, v. O. L. Byerly *et al.,* *Appellants.*[1]

Municipal Corporations (392)—Use of Streets—Collision With Automobile—Instructions. Upon an issue as to whether a pedestrian, struck by an automobile, stepped first to one side and then the other, it is not error to instruct that she had a right to travel along the pavement, but would not have the right to step to one side and then step back in front of the car.

Damages (80)—Personal Injuries—Excessive Verdict. A verdict for $1,000 for personal injuries, sustained when a pedestrian was struck and carried along the pavement for twenty or thirty feet, will not be held excessive where she was exceedingly inconvenienced for a long time after the injury.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered June 23, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

*Crass & Hardin* and *H. B. Apperson,* for appellants.
*W. A. Ackerman* and *B. A. Green,* for respondent.

Bridges, J.—The plaintiff and a lady companion were walking along a paved road in the town of Seaside, Oregon, when she was struck by the defendant's

[1]Reported in 237 Pac. 1018.

automobile and injured.  The substance of the plain-
tiff's testimony was that she and her companion were
walking single file on the extreme right-hand side of
the paved portion of the road, the plaintiff being
slightly in advance of her companion; that the defend-
ant's car struck her, knocked her down on the wet pave-
ment, and the front wheel being at the small of her
back, pushed her along on the pavement for a consider-
able distance and until the car was stopped.  The de-
fendant's testimony tended to show that the plaintiff and
her companion were walking side by side on the right-
hand side of the pavement, and as the automobile ap-
proached them, the driver blew his horn, and that the
plaintiff first stepped to her right and then suddenly
stepped to her left immediately in front of the car.
There was a verdict for $1,000.  The only question dis-
cussed by the appellant is an alleged error in one of
the instructions given by the court to the jury, and
alleged excessiveness of the verdict.

The court instructed the jury that

"The automobile had a perfect right to be on the
street and to be driven along the street, and the plain-
tiff had a similar right to be on the pavement and to
walk along that pavement.  She did not have the right
to step off the pavement on the—the law does not re-
quire her to do that, does not require her to step off
the road to the bank beside the pavement.  *She had
a perfect right to travel along the pavement as she was
traveling.*  She, of course, would have no right to obey
the signal and step to one side and then step back in
front of the car.  Their rights to travel on the highway
are equal.  . . ."

The part objected to is that portion which we have
placed in italics.

It is claimed that, since there was testimony tending
to show that the respondent stepped first to one side
and then to the other, so as to mislead the driver of

the automobile, the instruction had the effect of telling the jury that she had a right to so conduct herself.

It is clear to us that the court intended nothing more than to inform the jury that the plaintiff had a right to walk on the right-hand side of the pavement. The jury must have so understood the instruction. That the court so intended and that the jury so understood is shown by the sentence immediately following that objected to, where the court tells the jury that the respondent "would have no right to obey the signal and to step to one side and then step back in front of the car." We are unable to find error in the instruction.

The testimony tends strongly to show that, for a long while after her injury, the respondent was exceedingly inconvenienced as a result of it. There was testimony that she fell in front of the wheel and was pushed by it along the pavement for probably 20 or 30 feet. Such could hardly have happened to her without injuring her to quite an extent. While the verdict, in our opinion, is amply sufficient to compensate her for her injury, we cannot say that it is the result of passion or prejudice. The case was tried in a very sober and matter of fact way. Nothing occurred to arouse the passion of the jury.

The judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.