[No. 23735. Department Two. June 29, 1932.]

EARL R. FIELD, *Respondent*, v. NORTH COAST TRANSPORTATION COMPANY, *Appellant*.[1]

*Poe, Falknor, Falknor & Emory* and *Roberts, Skeel & Holman,* for appellant.

*Vanderveer & Bassett,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries and for property damage. The cause was tried to the court and a jury, and resulted in a verdict for the defendant. The plaintiff moved for a new trial, which motion was sustained, and from the order granting the new trial the defendant appeals.

The cause was here upon a former appeal, 164 Wash. 123, 2 Pac. (2d) 672, and the facts will be found fully stated in the opinion written upon that appeal, where the judgment was reversed because of the improper admission of one item of evidence.

The issues made by the pleadings were (1) the negligence of the appellant; and (2) the contributory negligence of the respondent. Upon these issues, the tes-

[1]Reported in 12 P. (2d) 749.

timony was in direct conflict. In the order granting the new trial, it was recited "that the verdict of the jury is not supported by, and is contrary to, the evidence, and is unjust, as appears from the court's opinion."

The only question presented upon this appeal is whether the court abused its discretion in granting the new trial.

This court will not disturb the order of the trial court granting a new trial when that court is of the opinion that substantial justice has not been done between the parties by the verdict of the jury, and that the verdict is against the weight of the evidence, unless there is a clear showing of an abuse of discretion. *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166. Where the trial court is of the opinion that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is not only the privilege but the duty of the court to grant a new trial. *Tacoma v. Tacoma Light & Water Co.,* 16 Wash. 288, 47 Pac. 738; *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32.

The order of the trial court granting the new trial in the case now before us, an excerpt from which is above quoted, in effect recites that the verdict of the jury was against the weight of the evidence, and that substantial justice had not been done. There is a reference in the order to the court's oral opinion delivered at the time of ruling upon the motion for new trial, and it is contended that, when this is considered in connection with the order and the evidence in the case, there is a showing of an abuse of discretion in granting the new trial. But with this contention we are unable to agree. We find nothing in the opinion of the

trial court which would justify this court in saying that there had been an abuse of discretion.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and BEALS, JJ., concur.