[No. 26090.  Department Two.  July 6, 1936.]

VIRGIL BOWSER *et al.*, *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen, C. C. McCullough*, and *Tom M. Alderson, Jr.*, for appellant.

HOLCOMB, J.—This appeal is from an order granting respondents a new trial upon the sole ground that the verdict was against the weight of the evidence.

The verdict in favor of appellant, defendant in the case, was filed October 17, 1933.  On October 19, 1933, respondents moved for a new trial upon the seven statutory grounds, including that of insufficiency of the evidence to justify the verdict, and that it is against law.

On September 30, 1935, a substitution of attorneys for respondents was made.  On November 8, 1935, more than two years after the verdict had been filed in the cause, the trial court granted a new trial solely on the above stated ground.

No appearance nor argument has been made here on appeal by respondents.

[1]Reported in 59 P. (2d) 294.

■ Appellant's sole claim of error is in granting the motion for a new trial. It contends that the question of the negligence of the city was a question of fact for the jury under the evidence produced and under our decisions in *Calder v. Walla Walla,* 6 Wash. 377, 33 Pac. 1054, and *Murray v. Spokane,* 117 Wash. 401, 201 Pac. 745.

This court has no right to pass upon the weight and credibility of the evidence, but the trial court had. In the same volume as the *Murray* case, relied upon by appellant, is *Black v. Thompson,* 117 Wash. 156, 200 Pac. 1106, where this court cited and approved a pronouncement first made in *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760, as follows:

"Courts should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

The rule stated in the *Clark* case, *supra,* has been reapproved by this court in seventeen cases since, to and including *Field v. North Coast Transportation Co.,* 168 Wash. 515, 12 P. (2d) 749, and possibly in some subsequent cases not examined.

That being the settled rule of procedure in this state, the order of the trial judge cannot be disturbed by this court.

The order is affirmed.

MILLARD, C. J., BEALS, BLAKE, and MAIN, JJ., concur.