[No. 28109.   Department Two.   December 2, 1940.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM ELLIOTT, *Respondent.*[1]

*B. Gray Warner* and *John M. Schermer,* for appellant.

*Geo. H. Crandell* and *H. Sylvester Garvin,* for respondent.

BLAKE, C. J.—The defendant was charged and convicted of the crime of carnal knowledge of a girl under fifteen years of age.   From an order granting a new trial, the state appeals.

The state's evidence of the perpetration of the crime came from three witnesses:   the prosecutrix, James Hayden, and Melvin Motland.

Some days subsequent to the verdict, Motland recanted the testimony he gave at the trial.   In the order granting the motion for a new trial, the court recited:

"Notwithstanding the fact that a case sufficient to be taken to the jury was made out upon the testimony

[1]Reported in 107 P. (2d) 927.

of [the prosecuting witness] and James Hayden, . . . it appears to the court that the witness Melvin Motland was the most convincing witness produced by the State."

In resistance of the motion for new trial, the state presented affidavits from all of the jurors to the effect that they gave little credence to the testimony of Motland, but rested their verdict primarily upon the testimony of the prosecutrix and Hayden; that they would have reached the same verdict had Motland not testified. While these affidavits, going as they did to a matter which inhered in the verdict, were not entitled to any consideration, the court apparently did, in fact, consider them, because it held to its belief that Motland was the most convincing witness produced by the state, "notwithstanding the affidavits of the jurors herein, . . ."

Of course, a new trial is not a matter of right simply because some witness has recanted his testimony. Whether a new trial shall be granted or denied under such circumstances, is a matter within the discretion of the trial court. *State v. Wynn,* 178 Wash. 287, 34 P. (2d) 900; *State v. Snyder,* 199 Wash. 298, 91 P. (2d) 570. And only in cases where there is manifest abuse of its discretion by the trial court will this court intervene. *State v. Powell,* 51 Wash. 372, 98 Pac. 741.

Counsel for the state admits the rule, but urges that, since there was sufficient evidence to take the case to the jury without Motland's testimony, it was an abuse of discretion to grant a new trial. That does not follow. Instances are frequent where the evidence is such that, while the court is not warranted in directing a verdict nor in entering judgment notwithstanding the verdict, it is justified in granting a motion for new trial. The trial court not only has the power,

but it is under the duty of granting a new trial if it believes the verdict is against the weight of the evidence. *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Black v. Thompson,* 117 Wash. 156, 200 Pac. 1106; *Griffin v. Wilson,* 132 Wash. 620, 232 Pac. 690; *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32; *Field v. North Coast Transportation Co.,* 168 Wash. 515, 12 P. (2d) 749; *Bowser v. Seattle,* 186 Wash. 550, 59 P. (2d) 294. In the *Clark* case, this court said:

"These courts [the trial courts] should take due care not to invade the legitimate province of the jury, but if, after giving full consideration to the testimony in the light of the verdict, the trial judge is still satisfied that the verdict is against the weight of the evidence, and that substantial justice has not been done between the parties, it is his duty to set the verdict aside."

Having reviewed the evidence in the light of this rule, we are satisfied that the trial court did not abuse its discretion in granting a new trial. The order is, therefore, affirmed.

BEALS, MILLARD, SIMPSON, and JEFFERS, JJ., concur.