[No. 28347. Department One. August 26, 1941.]

GEORGE K. LEER et al., Appellants, v. SAMUEL COHEN et al., Respondents.[1]

[1]Reported in 116 P. (2d) 535.

*Emil G. Gustavson* and *Thomas J. L. Kennedy,* for appellants.

*Whittemore & Truscott,* for respondents.

MAIN, J.—This action was brought to recover damages for personal injury, and also for property damage. The defendants denied liability, and affirmatively pleaded contributory negligence on the part of the plaintiffs, and, by cross-complaint, sought damages against them for personal injuries, and for property damage. The cause was tried to a court and a jury, and resulted in a verdict denying either party any recovery. From the judgment entered dismissing the plaintiffs' action and dismissing the cross-complaint, the plaintiffs appeal.

The accident out of which this controversy arose happened on the twenty-second day of February, 1940, about seven-thirty in the morning, at the intersection of 30th avenue south and Walker street, in the city of Seattle. 30th avenue south extends north and south, and Walker street, east and west. Both streets are paved with concrete, and the distance between the curbs on each is twenty-five feet. At the time of the accident, the streets were damp, but not wet, and the morning was clear.

The appellants resided about three blocks north of the intersection. The respondents resided one block east and a short distance to the south. The appellants were proceeding south on 30th avenue south, and the respondents were proceeding west on Walker street. The cars came together in the intersection. The northeast corner of the intersection was an obstructed corner. The grade of Walker street, as it approaches the intersection, was 12.2 per cent downgrade, and, after it left the intersection, was one per cent. 30th avenue south, as it approaches the intersection, has a downgrade of 7.3 per cent, and, after it left the intersection, five per cent.

The car owned by the appellants was a Studebaker, and that owned by the respondents was a Hudson. Mrs. Leer, the wife of George K. Leer, was driving the

Studebaker, and her husband was riding in the front seat with her. Mrs. Cohen, the wife of Samuel Cohen, was driving the Hudson, and her husband was riding in the front seat with her. The impact between the cars was on the right front of the Hudson and the left front of the Studebaker. After the impact, the cars stopped at the next intersection to the south, with the Studebaker heading west with the left front on the parking strip. The Hudson was some distance to the south of this intersection, headed in a westerly or southwesterly direction, with its rear wheels upon the sidewalk.

Mr. Cohen testified that, after the impact, the two cars "pancaked." The Hudson car was damaged at the right front fender and along that side of the car. The Studebaker was damaged at the left front fender and along that side of the car.

Mrs. Cohen testified that, when she came to the intersection at the sidewalk line, she looked to the north and the appellants' car was a little more than half a block away, or beyond a telephone pole set in the curb on the west side of that street. The evidence shows that this telephone pole was approximately 112 feet north of the intersection. She, then believing that she had ample time to go across, proceeded through the intersection. She says that she was traveling at a speed of twenty miles per hour, with the car in second gear. The appellants say that they were proceeding at a speed of approximately twenty miles per hour, and, as they approached the intersection and fifteen feet or so back, they looked to the left and saw no car approaching on their left.

Mrs. Leer says that, as she approached the intersection, she looked to the left and then to the right, and then looked to the left again, and the other car

came across the intersection at a high rate of speed, which caused the impact.

Mr. Cohen's testimony is substantially the same as that of his wife, except that he says that, when they looked at the sidewalk line and saw the other car, he kept his eyes on it while the Hudson went part of the way through the intersection.

The man who towed the cars away after the accident testified that he had to loosen the drive shaft of the Hudson before taking it away, because it was "locked in gear." The mechanic that repaired the car testified that the drive shaft had been broken and "the car was jammed in second gear." The evidence distinctly presented a question of fact for the jury.

The first question presented by the appellants is whether the trial court erred in refusing to grant a new trial, and in this connection they say that it was the duty of the court to grant a new trial because the verdict was against the weight of the evidence. It nowhere appears, so far as we are informed, that the trial court believed, or expressed the opinion, that the verdict was against the weight of the evidence, and that the result was an unjust one. It is in cases of that kind that it becomes the duty of the trial court to grant a new trial. *Field v. North Coast Transportation Co.*, 168 Wash. 515, 12 P. (2d) 749; *Bowser v. Seattle*, 186 Wash. 550, 59 P. (2d) 294. A new trial is not a matter of right. Whether a new trial should be granted or denied is a matter within the discretion of the trial court, and this court will not intervene unless there has been a manifest abuse of discretion by the trial court. *State v. Powell*, 51 Wash. 372, 98 Pac. 741; *State v. Wynn*, 178 Wash. 287, 34 P. (2d) 900; *State v. Elliott*, 6 Wn. (2d) 393, 107 P. (2d) 927. We see nothing in this case that would justify the conclusion that the trial court had abused its discretion.

The other assignments of error relate to instructions given and refused, and these will be taken up in the order in which they appear in the appellants' brief.

The appellants complain because the court refused to give their requested instructions Nos. 5 and 10. Requested instruction No. 5 was a copy of the ordinance of the city of Seattle covering the matter of the right of way at intersections, which excepted arterial highways. The court, in its instructions, quoted Rem. Rev. Stat., Vol. 7A, § 6360-89 [P. C. § 2696-847], which covers the matter of the duty of an operator of a vehicle, upon entering an intersection and having signalled his intention to turn such vehicle to the left, to look out for, and give the right of way to, vehicles approaching in the opposite direction on his right. Following this, and in the same instruction, the court comprehensively covered every substantial matter in the city ordinance. To have given the requested instruction would have been simply to repeat, in another form, what the court told the jury plainly and fully in the instruction given. It has been repeatedly held by this court, that, where an instruction has already covered the matter, it need not be repeated. *Norton v. Anderson,* 164 Wash. 55, 2 P. (2d) 266; *O'Connell v. Home Oil Co.,* 180 Wash. 461, 40 P. (2d) 991. There was no error in refusing to give the requested instruction.

In this connection, it is contended that the court erred in refusing to give requested instruction No. 10, which was to the effect that the city ordinance provided that drivers will proceed on the right-hand side of the street and as closely as practicable to the right-hand curb, except on one-way streets. It was not error to refuse to give this instruction. The respondents say that the two automobiles came together in the northwest corner of the intersection. The appellants

say that the cars came together in the southwest corner of the intersection. The appellants say that the respondents' car, as it came down Walker street, was over, or partially over, the center line of the street as it went through the intersection. If this is true, it would have made the accident less likely to happen than if the testimony of the respondents was true, as aptly remarked by the trial court when the appellants were taking their exceptions to the refusal to give this request.

The appellants further contend that the physical facts show that the accident happened in the southwest corner of the intersection, because there were broken glass and dirt, that had apparently fallen off of the fenders of the car on account of the impact, beginning at about the center line of the intersection, north and south, and continuing further on in that direction. They also say that the physical facts overcome the other evidence. They point out that Mrs. Leer was seriously injured, and that Mrs. Cohen, the driver of the Hudson, was not injured. Mr. Cohen was also injured to some extent, but not seriously. Mr. Leer was slightly injured. If the cars "pancaked," as was testified to, Mrs. Leer would be on the side where the cars came together, and Mr. Cohen would be on that side of the Hudson. We see no substantial basis for holding that the physical facts, as they are called in this case, overcame the other testimony.

The case of *Woodward v. Simmons,* 7 Wn. (2d) 10, 108 P. (2d) 637, was tried to the court without a jury. In that case, the court found that the physical facts overcame the other testimony. It did not find, as a matter of law, that the physical facts overcame the other evidence.

The appellants further complain of instructions Nos. 9, 11, 12, and 14, which the court gave. In

instruction No. 9, the jury were told that, if they found that the Hudson car had ample time to pass through the intersection and out of the path of the Studebaker, with a reasonable margin of safety, if the Studebaker had been driven at a lawful rate of speed, and that, if the jury found that it was driven in excess of that speed and the driver of the Hudson was "deceived" into thinking that she could cross with safety, when, in fact, she could not, the respondents would not be negligent in failing to yield the right of way.

This instruction is severely criticized by the appellants. They say that it was a comment on the evidence, but we cannot accept that view. They further say that there was no evidence of speed of the Studebaker car. The streets being twenty-five feet between curbs and the testimony of the respondents showing that the Studebaker was about a hundred and fifteen or twenty feet to the right when they looked at the sidewalk line, the Studebaker car, in order to reach the intersection where the impact occurred, of necessity would be traveling about three times as fast as the Hudson and in excess of the speed limit.

The appellants especially complain of the use of the word "deceived" in the instruction. It may be that some other expression would have been better, but the instruction, as it stands, is a correct statement of the law. Even though we assume that it was an inapt word, it was not prejudicial. An inadvertent expression in an instruction or an inapt word does not call for reversal unless it is prejudicial. *Volz v. Byerly,* 135 Wash. 455, 237 Pac. 1018; *Haaga v. Saginaw Logging Co.,* 169 Wash. 547, 14 P. (2d) 55; *Sidis v. Rosaia,* 170 Wash. 587, 17 P. (2d) 37.

The appellants complain of instructions Nos. 11 and 12, one of the reasons being that they are unnecessary repetition and emphasize the matter of speed

on the part of the driver of the Studebaker. We do not think that, in the instructions given, there was any unnecessary repetition. It is true that unnecessary repetition is to be avoided, but such repetition will not constitute reversible error unless it appears that the appellant has been prejudiced thereby, and that the furtherance of justice demands a reversal. *Alaska Steamship Co. v. Pacific Coast Gypsum Co.*, 78 Wash. 247, 138 Pac. 875; *Smith v. Bratnober*, 188 Wash. 244, 62 P. (2d) 455; *American Products Co. v. Villwock*, 7 Wn. (2d) 246, 109 P. (2d) 570.

■ Finally, the appellants complain of instruction No. 14, the second paragraph of which reads as follows:

"If you believe by a preponderance of the evidence that plaintiff driver did not have her automobile under such control, and that her failure to have her automobile under such reasonable control materially contributed to causing the collision complained of, then plaintiffs cannot recover in this action"

because they say it submitted to the jury an issue on which there was no evidence to support it. It will be admitted that it is prejudicial error to submit to the jury an issue not supported by the evidence. The appellants say that there was no evidence that the driver of the Studebaker car did not have it under reasonable control.

In the case of *Karp v. Herder*, 181 Wash. 583, 44 P. (2d) 808, it was held that, where there was evidence that the defendant's car was being driven at an excessive rate of speed, it was proper to instruct the jury that it was his duty to keep the car under such control that he would not run into, or collide with, the other vehicles on the highway. It was there said:

"The court instructed the jury to the effect that it was the duty of Herder to keep his car 'under such control so that he would not run into and collide with

other vehicles on the highway.' Appellants assert this instruction fixed a measure of duty on Herder with which it was impossible to comply. This argument is predicated wholly upon the theory that the collision occurred at the place and in the manner claimed by appellants. It seems to us too plain for argument that the instruction was proper upon respondent's version of the collision."

Likewise, in this case instruction No. 14 was proper, under the respondents' theory of the case. It has already been pointed out that the jury had a right to find that the Studebaker car was being driven at an excessive rate of speed.

The judgment will be affirmed.

ROBINSON, C. J., BLAKE, STEINERT, and DRIVER, JJ., concur.

