[No. 32259.   Department One.   March 5, 1953.]

ROBERT LUNDQUIST, *Respondent,* v. COCA COLA BOTTLING
INCORPORATED, *Appellant.*[1]

*George H. Bovingdon,* for appellant.

*Robbins & Robbins,* for respondent.

MALLERY, J.—Plaintiff is a bus driver for the Seattle Transit Company. On June 2, 1951, he was twenty-five years of age, and in good health. He slept well, had a good appetite, and was never troubled with nausea.

On the day in question, plaintiff reported for work at the Seattle bus terminal, and went into the room provided for bus drivers, which contained a ping-pong table, a pool

[1]Reported in 254 P. (2d) 488.

table, and a Coca Cola vending machine owned and operated by defendant. He inserted a coin in the vending machine and obtained a bottle of Coca Cola. He testified:

"I opened it [the bottle of Coca Cola] and took a swallow. I walked back to the table where all the fellows were sitting around talking.

"I noticed a peculiar taste. I couldn't place the taste. I took another swallow, and I knew there was something wrong. I didn't know what it was.

"So, Mr. Pickett, he was sitting there on the other end of the table. I said to him, 'If you don't mind drinking out of my bottle, would you take a drink?' I realized something was wrong with it, I think.

"He took a swallow of it, and made an awful face. He says, 'What is it?' I said, 'I don't know.'

"So, there is a drinking fountain right near the table. We dumped the rest of the beverage out down the drain. Well, there was something there. We couldn't see what it was. Just this grey matter.

"Upon holding the bottle up and looking through the bottom, you could see a body and legs there.

"I think we both just about became nauseated at the same time. I went to the men's room; so did Mr. Pickett.

"I was violently ill right there. Mr. Umbreck, our Assistant Station Master, asked me if I was too ill to work my run."

Defendant does not now dispute that the foreign matter in the bottle was a decayed mouse. Notwithstanding his nausea, plaintiff went to work, though he had to stop his bus, during its regular run, and vomit. His nausea continued throughout the day. Thereafter, he could not sleep as soundly as before. His appetite was lessened, and his nerves were on edge so that, for example, the crying of his baby irritated him. By the time of trial, he had lost ten or thirteen pounds in weight. There is medical testimony, in the record, that these effects of his experience may last from five to seven years.

The plaintiff did not lose any wages or incur any medical expenses. His capacity for work was not adversely affected. The verdict of the jury, in the amount of fifteen hundred dollars, rests upon the subjective symptoms of pain and suffering only.

The trial court, invoking the provisions of RCW 4.76.030 [*cf.* Rem. Rev. Stat. (Sup.), § 399-1], ordered a new trial if the plaintiff refused to accept a reduction of the judgment to one thousand dollars. The plaintiff accepted the reduction. The defendant appealed.

Appellant, in its assignment of error No. 1, contends that the trial court erred in refusing to give its requested instructions Nos. 3, 4 and 5, which would have required a verdict in its favor unless the jury found that the foreign matter in the Coca Cola bottle was there through (1) the negligence of appellant, (2) its failure to exercise reasonable care in the preparation of it, or (3) if the damage complained of was the result of an accident for which no one was to blame.

Upon this assignment, appellant contends that the trial court misapprehended the rule of *Ringstad v. I. Magnin & Co.*, 39 Wn. (2d) 923, 239 P. (2d) 848, in its ruling that plaintiff had no burden of proving negligence on the part of the defendant.

We think, on the contrary, that the trial court followed the rule of that case, which is that a cause of action for breach of warranty, under the provisions of the uniform sales act, RCW 63.04.160 (1) (2) [*cf.* Rem. Rev. Stat., § 5836-15], does not require an allegation or proof of negligence. *Flessher v. Carstens Packing Co.*, 93 Wash. 48; 160 Pac. 14; *Nelson v. West Coast Dairy Co.*, 5 Wn. (2d) 284, 105 P. (2d) 76, 130 A. L. R. 606; and *Jacob E. Decker & Sons v. Capps*, 139 Tex. 609, 164 S. W. (2d) 828.

Appellant's third assignment of error is directed to the trial court's refusal to give its requested instruction No. 2, upon the measure of damages to be awarded in this case. While appellant's requested instruction may not have been erroneous, it was not error to refuse to give it if, as in this case, a proper instruction about which no complaint is made was given in its place.

Appellant, in its fourth assignment of error, contends that the trial court should have permitted the jury to view the premises of the bottling company. No purpose would be served in permitting appellant to disprove its

negligence by an inspection of its premises, since negligence is not in issue. In any event, a view of the premises is within the discretion of the trial court. *Finn v. Bremerton*, 118 Wash. 381, 203 Pac. 971; and *Vizzaro v. King County*, 130 Wash. 398, 227 Pac. 497.

■ RCW 4.76.030 [*cf.* Rem. Rev. Stat. (Sup.), § 399-1] reads as follows:

"If the trial court, upon a motion for new trial, finds the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or enter an order providing for a new trial unless the party adversely affected consents to a reduction or increase of the verdict, and if such party files such consent and the opposite party thereafter appeals from the judgment entered, the party who filed such consent shall not be bound thereby, but upon the appeal the supreme court shall, without the necessity of a formal cross appeal, review *de novo* the action of the trial court in requiring such reduction or increase, and *there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such amount shall prevail,* unless the supreme court finds from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice." (Italics ours.)

We indulge the presumption granted to the respondent by the statute that the verdict of the jury was correct. Accordingly, we restore the verdict, and direct that judgment be entered thereon.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.