[No. 33272. Department One. March 1, 1956.]

ERNEST MARTIN, *Respondent,* v. COCA COLA BOTTLING INCORPORATED, *Appellant.*[1]

*George H. Bovingdon,* for appellant.

*Jay W. Hamilton, Jr.* (of *Walthew, Oseran & Warner*), for respondent.

FINLEY, J.—Plaintiff brought this action for damages allegedly sustained as the result of drinking from a bottle of Coco Cola and discovering a partially decomposed spider in the unconsumed portion of the contents of the bottle. The jury returned a verdict in favor of the plaintiff in the sum of one thousand dollars. Defendants timely moved for a new trial. The order of the trial judge denying a new trial stated:

[1] Reported in 294 P. (2d) 429.

" . . . the Court having listened to argument of counsel, and the Court being of the opinion that the *verdict was excessive* and that it *ought to be reduced to the sum of $500.00, but being further of the opinion that the holding of the court in the case of Lundquist v. Coca-Cola Bottling, Inc. prevents such reduction in damages* which this court *otherwise would hold were so excessive as to be unmistakably the result of passion and prejudice*; now, therefore, for the above and foregoing reasons,

"It Is Hereby Ordered that the defendant's motion for new trial be and the same is hereby denied." (Italics ours.)

Judgment was entered upon the verdict of the jury. The defendant has appealed.

RCW 4.76.030 provides as follows:

"*If the trial court,* upon a motion for a new trial, *finds the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or enter an order providing for a new trial unless the party adversely affected consents to a reduction or increase of the verdict,* and if such party files such consent and the opposite party thereafter appeals from the judgment entered, the party who filed such consent shall not be bound thereby, but *upon the appeal the supreme court shall,* without the necessity of a formal cross appeal, *review de novo the action of the trial court in requiring such reduction or increase, and there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such amount shall prevail, unless the supreme court finds from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice.*" (Italics ours.)

It is clear from the above-quoted language of the trial judge's order denying the motion for a new trial that he misconstrued the provisions of RCW 4.76.030, as well as the decision in *Lundquist v. Coca Cola Bottling,* 42 Wn. (2d) 170, 254 P. (2d) 488. The above-quoted statute, RCW 4.76.030, unquestionably authorizes the granting of new trials, as well as conditional reduction or increase of verdicts, as alternatives to a new trial when a trial judge finds

a jury verdict so excessive or inadequate as unmistakably to indicate passion or prejudice. The statute also unquestionably provides for supreme court *de novo* review of the reduction or increase in verdicts by trial court judges; and that upon such *de novo* review,

" . . . unless the supreme court finds from the record that the damages awarded in such verdict by the jury were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice,"

the *verdict of the jury prevails.* In other words, if, on *de novo* review of the record, the supreme court finds the verdict does not unmistakably indicate passion and prejudice, it will be assumed or presumed that the verdict is correct.

In the *Lundquist* case, after the trial court had functioned under the authority of the statute and had reduced the verdict, the supreme court also functioned under the authority of the statute and, on *de novo* review of the facts and circumstances appearing in the record of the *Lundquist* case, disagreed with the reasoning or judgment exercised therein by the trial court and with its decision reducing the jury verdict. As pointed out hereinbefore, the statute provides for two separate and distinct reviews of jury verdicts in civil actions for damages: the first is performed by the trial judge; the second, *de novo* review on the question of damages, is performed by the appellate court. There is nothing strange or novel in the latter procedure. It is simply a normal example of appellate review, and of the usual relationship between trial court functions and appellate court functions.

The decision in the *Lundquist* case merely stands for the proposition that the supreme court, under the authority and power conferred by the statute, will, on appeals, review *de novo* the judgment exercised or the action taken by a trial court in reducing or increasing a verdict as an alternative to a new trial. It should be quite obvious that in some instances the appellate court will disagree with the reduction of a verdict by a trial court and will reinstate the jury

verdict. But this certainly does not justify an assumption that the appellate court will in every instance disagree with the trial court, and will as a matter of course reinstate a jury verdict which was reduced by a trial court. The long and short of the matter is simply this: (1) A trial judge is under the duty to reduce a verdict if he has reason to believe and does believe it is so excessive as unmistakably to be the result of passion or prejudice; (2) if the matter is appealed, the appellate court will perform its duty of review of the action of the trial court and will reverse or affirm, dependent upon whether or not a majority of the court believe the jury verdict unmistakably must have been the result of passion or prejudice.

In *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108, where a trial judge denied a new trial after expressing an opinion clearly at variance with the ruling, the appellate court held that the trial judge had failed to properly exercise his discretion.

Considering the language of the trial judge's order in the instant case—to the effect that the verdict was excessive, that it ought to be cut in half, and that he would so reduce it except for the decision in the *Lundquist* case—we think the case at bar must be remanded for disposition of the motion for a new trial in the light of the view we have expressed herein; that the *Lundquist* case clearly does not stand in the way of an exercise of discretion on the part of the trial court under the provisions of RCW 4.76.030.

We believe the defendant was entitled to have the trial court dispose of the motion for a new trial in accordance with the views, seemingly entertained at the time by the trial judge, that the verdict should be reduced. If the trial judge had reduced the verdict, the plaintiff might or might not have accepted or acquiesced in its reduction. On the other hand, despite the language contained in his order, it is possible that the trial judge actually might not have reduced the verdict. In any event, we think it is up to the trial judge to act and to exercise his discretion in the matter without such restrictions as he apparently thought he was

under because of his misconceptions regarding the decision in the *Lundquist* case.

In connection with this aspect of the matter, it should be clearly understood that we do not wish to suggest by anything we say herein that the plaintiff should accept or reject a reduction of the verdict. In fact, we express no views whatsoever as to whether we would agree or disagree with the trial court in the event of further *de novo* review of the matter on the merits, under the provisions of RCW 4.76.030.

Pertaining to the basic question of liability, appellant urges that the judgment should be reversed outright and that a new trial should be granted unconditionally. As a basis for this, appellant assigns error to the admission of respondent's exhibit No. 3, a photograph of the allegedly offensive spider, allegedly discovered in the bottle of Coca Cola by respondent. Error is also assigned to instructions given, and to the refusal of the trial court to give certain instructions requested by appellant. We find no merit in these contentions of appellant. However, as indicated above, we believe that the case must be remanded for further proceedings in accordance with the views expressed hereinabove. It is so ordered.

HAMLEY, C. J., DONWORTH, and OTT, JJ., concur.

SCHWELLENBACH, J. (concurring)—First, I believe that the appeal should be decided on the merits, in order to obviate another appeal.

Second, I concur in the result arrived at in the majority opinion, but not for the reasons assigned therein. I do not agree that the trial court and the appellate court each get a separate and distinct shot at the verdict of the jury. If the trial court finds the damages to be so excessive or inadequate as unmistakably to indicate passion or prejudice, it may order a new trial, or order a new trial unless the party adversely affected consents to a reduction or increase of the verdict. (It may also, under its inherent power, and independent of statute, in the exercise of its discretion, order a new trial or give the prevailing party the option to

accept a smaller amount or submit to a new trial. *Scobba v. Seattle*, 31 Wn. (2d) 685, 198 P. (2d) 805.)

In case of an appeal from that order, we, as an appellate court, are limited by the terms of the statute. There is a presumption that the amount of damages awarded by the jury was correct. That amount must prevail unless we find *from the record* that the damages were so excessive or so inadequate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice. That is not getting a second guess. We are functioning as an appellate court.

In the instant case, the trial court was of the opinion that the verdict was so excessive as to unmistakably be the result of passion or prejudice. It therefore was the court's duty under the statute to order a new trial unless the plaintiff consented to a reduction to five hundred dollars. The holding of this court in the *Lundquist* case did not prevent such an order.