[No. 9948-5-I.   Division One.   April 11, 1983.]

TACOMA RECYCLING, INC., *Respondent,* v. CAPITOL MATERIAL HANDLING CO., *Appellant.*

A. *Peter Parsons* and *Christopher Carletti*, for appellant.
*Murray J. Anderson*, for respondent.

SCHOLFIELD, J.—Defendant Capitol Material Handling Co. (CMH) appeals entry of judgment in favor of plaintiff Tacoma Recycling, Inc. (TR), following a bench trial unattended by either CMH counsel or personnel. We reverse.

In August 1979, TR sued CMH for an alleged breach of contract. CMH answered, denying the allegations of contract breach. In February 1980, CMH's counsel mailed his notice of intent to withdraw as attorney of record to CMH President Gary E. Snyder. The notice advised Snyder, "Trial is scheduled in this matter for April 7, 1980". By affidavit, Snyder maintained he "did not receive this document" and "[w]hile the affiant may have been informed at some point that a trial was scheduled, he was unaware that it was scheduled for April 7, 1980". Snyder did not retain new counsel. The case was called on April 8, 1980, without CMH personnel or counsel present. TR presented its evidence, including an exhibit calculating its damages. The trial judge ruled orally in favor of TR.

On May 8, 1980, CMH was advised by the Internal Revenue Service to make payments on the forthcoming judgment in favor of TR to the Service. CMH then contacted new counsel, who filed a motion for a new trial "or to

reschedule the trial date" on June 16, alleging grounds of excusable neglect and supported by Snyder's affidavit. The motion was noted for hearing on June 20.

On June 20, TR presented proposed findings of fact, conclusions of law and judgment in its favor for $18,781.94, without prior notice of presentation to CMH. CMH's counsel objected to entry of the proposed findings on the ground that TR had failed to give 5 days' notice of presentation as required by CR 52(c). The trial judge overruled CMH's objection. In his view, CR 52(c) was intended to permit parties to determine if the findings and conclusions corresponded to the court's oral opinion. Because neither CMH nor its counsel were present at trial, they would not be heard to argue such an inconsistency existed. The trial judge then entered the proposed findings, conclusions, and judgment as the decision of the court. The record discloses no specific ruling on CMH's motion for a new trial.

CMH contends the trial judge erred in entering a judgment upon findings and conclusions presented without 5 days' notice to a party who has filed an answer in the case, as required by CR 52(c). TR responds that, pursuant to CR 40(a)(5), a party can proceed with his case in the absence of the adverse party and take judgment against that party. TR argues that a judgment entered pursuant to CR 40(a)(5) is equivalent to a default judgment, and that by analogy to the law applicable to default judgments, CMH was not entitled to notice of presentation of written findings and conclusions. We hold that a party who is merely absent for trial is entitled to notice of presentation pursuant to CR 52(c).

■■ CR 40(a)(5) provides:

Either party, after the notice of trial, whether given by himself or the adverse party, may bring the issue to trial, and in the absence of the adverse party, unless the court for good cause otherwise directs, may proceed with his case, and take a dismissal of the action, or a verdict or judgment, as the case may require.

CR 40(a)(5) thereby removes absence of an adverse party as

an impediment to trial. But the rule does not purport to establish procedures for entry of judgments obtained in the absence of an adverse party.

Here, TR obtained an oral decision in its favor after the presentation of evidence. An oral decision of the trial judge is not, however, a judgment, *Earl v. Geftax,* 43 Wn.2d 529, 262 P.2d 183 (1953), and a trial judge's oral decision has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment. *Ferree v. Doric Co.,* 62 Wn.2d 561, 383 P.2d 900 (1963). Prior to approval of the proposed findings and conclusions, no judgment authorized by CR 40(a)(5) had been entered.

TR has cited cases wherein orders of default were entered against parties who failed to appear or timely plead, and it was held that such parties were not entitled to notice of subsequent proceedings, including entry of default judgments. *Pedersen v. Klinkert,* 56 Wn.2d 313, 352 P.2d 1025 (1960); *Skidmore v. Pacific Creditors, Inc.,* 18 Wn.2d 157, 138 P.2d 664 (1943); *General Lithographing & Printing Co. v. American Trust Co.,* 55 Wash. 401, 104 P. 608 (1909); *Norris v. Campbell,* 27 Wash. 654, 68 P. 339 (1902). TR argues that these cases provide a useful analogy. We are not persuaded.

CR 55(a)(1) provides that a default judgment may be entered, upon appropriate motion, against a party who "has failed to appear, plead, or otherwise defend as provided by these rules". A party fails "to appear, plead, or otherwise defend" within the meaning of Federal Rule of Civil Procedure 55 if it fails to answer or to file any responsive pleading listed in Federal Rule of Civil Procedure 7(a), or to challenge such matters as service, venue, and the sufficiency of prior pleadings "any of which might prevent a default if pursued in the absence of a responsive pleading." A party who files such pleadings is not subject to default merely because he is not present in court when the case is called for trial. 10 C. Wright, A. Miller & M. Kane, *Federal Practice* § 2682, at 409–10 (2d ed. 1983). We interpret our CR 55(a)(1) to mean the same.

Here, CMH filed an answer, which is a pleading and also an appearance. RCW 4.28.210. CMH did not "[fail] to appear, plead, or otherwise defend", and, consequently, TR could not have obtained a default judgment. Furthermore, had TR moved for a default order pursuant to CR 55(a)(1) (which TR did not), CMH would have been entitled to at least 5 days' notice before the hearing on that motion. CR 55(a)(3).

The failure to give 5 days' notice of the content of the proposed findings and conclusions pursuant to CR 52(c) was error and requires that the findings of fact, conclusions of law and judgment be vacated. *Paine–Gallucci, Inc. v. Anderson,* 35 Wn.2d 312, 212 P.2d 805 (1949). CMH is entitled to 5 days' notice of presentation of any proposed findings and conclusions in order to evaluate them and prepare all relevant arguments against their adoption. *See Seidler v. Hansen,* 14 Wn. App. 915, 919, 547 P.2d 917 (1976).

██ The determinations of whether a case should be reopened or a new trial should be granted are matters within the sound discretion of the trial judge. *Tsubota v. Gunkel,* 58 Wn.2d 586, 364 P.2d 549 (1961); *Maurer v. Grange Ins. Ass'n,* 18 Wn. App. 197, 567 P.2d 253 (1977). When a judgment is entered on the basis of an erroneous view of the law which causes the trial judge to refrain from exercising his discretion, it is appropriate to remand for further proceedings in which the trial judge may exercise such discretion. *Martin v. Coca Cola Bottling Inc.,* 48 Wn.2d 444, 294 P.2d 429 (1956). Accordingly, we remand to permit the trial judge to rule on CMH's motion for a new trial.[1]

Reversed and remanded for proceedings consistent with

---

[1]We are constrained to point out that, when CMH's counsel failed to appear for trial, it would have been reasonable to direct TR's counsel to telephone opposing counsel's office to determine the reason for his nonappearance. It appears probable the matter could thereby have been resolved with substantially less expenditure of time and expense to the courts and the parties than has occurred here. Terms could have been imposed for any inexcusable delays.

this opinion. Costs on appeal will abide the ultimate determination of this case and will be awarded to the prevailing party.

ANDERSEN, C.J., and RINGOLD, J., concur.