IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72904-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| JON AMADIO DEL DUCA, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: December 19, 2016 |

BECKER, J. — Given the choice between continuing with appointed counsel or representing himself, appellant refused to continue to trial with appointed counsel. In the circumstances of this case, appellant unequivocally demanded to proceed pro se despite his claim that he was under duress when he made this choice. We affirm.

## FACTS

In 2012, appellant Jon Del Duca was charged with one count of rape of a child in the first degree and one count of child molestation in the first degree. The State alleged that in 2001 and 2002, Del Duca raped and molested a young girl, about six years old, who lived in his apartment complex.

When these charges were filed, Del Duca was already facing unrelated charges of child molestation in the first degree, filed in 2011, for molesting two children who lived next door to a house where he was doing repair work on a dock. By the time the 2012 charges were filed, Del Duca had already

complained to the court about the first three attorneys appointed to represent him on the 2011 charges. Although the court did not find that his complaints had any merit, the court eventually permitted the attorneys to withdraw. A fourth attorney, who represented Del Duca on the 2011 charges at the time the 2012 charges were filed, was appointed to represent Del Duca on the 2012 charges also.

Del Duca complained to the court about the fourth lawyer, and again the court did not find any merit to Del Duca's complaints but permitted the attorney to withdraw. A fifth and sixth attorney were appointed to represent Del Duca but withdrew shortly after entering appearances.

In January 2013, a seventh attorney was appointed to represent Del Duca on the charges in the present case. From March to September 2013, Del Duca repeatedly sought to discharge this attorney, repeating the same claims the court had already rejected. At a hearing on September 19, the week before trial was scheduled to start, Del Duca refused to go to trial with this attorney. The court found in both an oral ruling and a written order that Del Duca had forfeited his right to counsel. The court also asked both parties to present any additional materials that might bear on its decision.

Four days later, the State referred the court to relevant cases, including State v. DeWeese, 117 Wn.2d 369, 816 P.2d 1 (1991), and State v. Sinclair, 46 Wn. App. 433, 730 P.2d 742 (1986), review denied, 108 Wn.2d 1006 (1987).

At the next hearing on September 25, in light of DeWeese, the court required Del Duca to either continue with current appointed counsel or to represent himself. After a lengthy discussion with Del Duca, the court found in

an oral ruling that Del Duca knowingly, intelligently, and voluntarily chose to represent himself. The court signed a written order stating that Del Duca had forfeited his right to appoint counsel and preferred to represent himself:

> By refusing to accept any attorney appointed by the court defendant has forfeited his right to appointed counsel. . . . The defendant is permitted to exercise his constitutional right to represent himself. I find that the defendant has not provided a legitimate reason to discharge his attorney, Mr. Ewers, and accept that the defendant therefore prefers to represent himself.

Del Duca represented himself at trial in October and November 2014. The jury convicted him as charged on November 5, 2014. He appeals.

## RIGHT TO COUNSEL

Del Duca contends that he was denied his constitutional right to assistance of counsel. See U.S. CONST. amend. VI; WASH. CONST. art. 1, § 22 (amend. 10). Whether an indigent defendant's dissatisfaction with his court-appointed counsel is meritorious and justifies the appointment of new counsel is a matter within the discretion of the trial court. DeWeese, 117 Wn.2d at 376. The parties agree that this case is controlled by DeWeese and does not require analysis of the court's reference to forfeiture of the right to counsel.

When an indigent defendant fails to provide the court with legitimate reasons for the assignment of substitute counsel, the court may require the defendant either to continue with current appointed counsel or to represent himself. DeWeese, 117 Wn.2d at 376; Sinclair, 46 Wn. App. at 437. If the defendant chooses not to continue with appointed counsel, requiring such a defendant to proceed pro se does not violate the defendant's constitutional right to be represented by counsel, and may represent a valid waiver of that right.

3

DeWeese, 117 Wn.2d at 376. "The defendant's request to proceed pro se must be *stated* unequivocally." DeWeese, 117 Wn.2d at 377 (emphasis added). See also Sinclair, 46 Wn. App. at 437 (defendant's demand to defend pro se "must be unequivocal").

At the September 25 hearing, the court presented Del Duca with a waiver of counsel form and asked him whether the form was "acceptable to you, assuming that it is still your desire to represent yourself, given that the only other choice at this point is to have [the appointed attorney] as your counsel." Del Duca responded, "Well, that's not much of a choice. It's[1] a better of two evils, that's the way I see it." Del Duca went on to say, "As I said last week, I'm going to have to defend myself, that's a fact," and "because I stated last week that I'm demanding to be able to defend myself under the offices of the Sixth Amendment of the U.S. Constitution, okay." "I'm still standing on my premise that I'm—I have to defend myself."

> MR. DEL DUCA: Yeah. Because what I need, and what I've needed from the beginning is someone to assist me to address the issues.
> THE COURT: Right. So, I have denied your request to have a different lawyer, and—
> MR. DEL DUCA: And he refuses to.
> THE COURT: —and I understand that that is your belief. Given that, is it your desire to represent yourself?
> MR. DEL DUCA: Under the offices of the Sixth Amendment of the U.S. Constitution, yes.
> THE COURT: Okay.
> MR. DEL DUCA: But now in signing this, it'll be under duress, because—
> THE COURT: Well, I can't have you sign it under duress, Mr. Del Duca.

---

[1] The transcript reads, "He's" a better of two evils, but the parties agree that Del Duca actually said "It's."

MR. DEL DUCA: Yeah, because like I don't believe in signing a waiver of a person's rights—

THE COURT: Okay. We're not going to have you sign it then.

Del Duca argues that he did not waive his right to counsel because his request to proceed pro se was not *stated* unequivocally as required by DeWeese. This argument takes the word "stated" in DeWeese too literally. In Sinclair, for example, we phrased the requirement as "the demand to defend pro se must be unequivocal." Sinclair, 46 Wn. App. at 437.

Given the choice between continuing on with his appointed counsel and representing himself, Del Duca was unequivocal in his decision to represent himself. Del Duca would have preferred a new attorney who would address the issues he believed all his previous attorneys wrongfully refused to raise, but the trial court was not required to give him that choice. See DeWeese, 117 Wn.2d at 376; Sinclair, 46 Wn. App. at 437-38.

Del Duca's comments that representing himself was "not much of a choice," "a better of two evils," and "I'm going to have to defend myself" are analogous to similar comments made by DeWeese. Our Supreme Court held that DeWeese's comments did not amount to equivocation: "Mr. DeWeese's remarks that he had no choice but to represent himself rather than remain with appointed counsel, and his claims on the record that he was forced to represent himself at trial, do not amount to equivocation . . . . These disingenuous complaints in Mr. DeWeese's case mischaracterize the fact that Mr. DeWeese did have a choice, and he chose to reject the assistance of an experienced

5

defense attorney who had been appointed." DeWeese, 117 Wn.2d at 378. For the same reasons, Del Duca's similar comments do not amount to equivocation.

Given the choice between continuing to trial with his appointed counsel and representing himself, Del Duca unequivocally chose to represent himself and therefore waived his right to counsel.

Del Duca argues that his right to counsel was also violated when the trial court denied his request to reappoint counsel to represent him on his posttrial motion. Once an unequivocal waiver of counsel has been made, the defendant may not later demand the assistance of counsel as a matter of right since reappointment is wholly within the discretion of the trial court. DeWeese, 117 Wn.2d at 376-77, 379. Once Del Duca unequivocally chose to represent himself, the trial court was not required to reappoint counsel to represent him on his posttrial motion. Because Del Duca had already rejected and refused to work with several qualified attorneys, the trial court did not abuse its discretion in declining to reappoint counsel for his posttrial motion.

## REASONABLE DOUBT INSTRUCTION

Del Duca's jury was instructed on reasonable doubt pursuant to WPIC 4.01: "A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence." Del Duca did not object. Del Duca now contends that this instruction is constitutionally defective because it tells jurors they must be able to articulate a reason for their doubt and because it undermines the presumption of innocence and is substantively identical to the fill-in-the-blank arguments that Washington court have invalidated.

6

We decline to review Del Duca's challenge to the reasonable doubt instruction because he failed to object and giving the instruction was not manifest constitutional error under RAP 2.5(a). State v. Hood, ___ Wn. App. ___, 382 P.3d 710, 714 (2016).

POSTTRIAL MOTION

After the jury returned its verdict, Del Duca, pro se, filed a motion entitled "Motion for Mistrial/Dismissal of Charges and Prejudice & Affidavit of Prejudice of Judge." After sentencing, the trial court held a hearing on Del Duca's motion. At the end of the hearing, the judge did not give an oral ruling. She said she would enter a written order later that day. The record does not contain any written order. Del Duca asks that this court remand for entry of an order on his posttrial motion.

Del Duca has not demonstrated how this issue is properly before us under the Rules of Appellate Procedure. A party may appeal from only certain listed superior court decisions. RAP 2.2(a)(1-13). All of the listed decisions require a "judgment," "decision," or "order." See RAP 2.2(a)(1-13). Del Duca does not have a judgment, decision, or order on his posttrial motion. Because he does not have an order, his appeal of the final judgment does not bring the trial court's failure to enter an order on his posttrial motion up for review. See RAP 2.4(f). Nor has he sought discretionary review under RAP 2.3. He has appealed from the judgment and sentence, treating it as a final judgment reviewable as a matter of right under RAP 2.2(a)(1).

Posttrial motions like the one filed by Del Duca will delay the finality of a judgment until resolved. See RAP 2.2(a)(9-11); RAP 5.2(e). Del Duca's current request to remand for entry of an order on his posttrial motion calls into question, for the first time, the finality of his judgment and sentence. The record does not show that Del Duca took any steps to obtain an order on his posttrial motion. Instead, he raises the issue of the absence of an order for the first time in his brief to this court.

Del Duca argues that "in circumstances where the lower court was required to decide the matter in the first instance, the proper course is to remand for a ruling on the claims." In support of this proposition, he cites State v. Wright, 76 Wn. App. 811, 829, 888 P.2d 1214, review denied, 127 Wn.2d 1010 (1995), and Tacoma Recycling, Inc. v. Capitol Handling Material Co., 34 Wn. App. 392, 396, 661 P.2d 609 (1983). In both Wright and Tacoma Recycling, the trial court entered a decision but did not exercise its discretion because it erroneously believed it could not. Wright, 76 Wn. App. at 827-29; Tacoma Recycling, 34 Wn. App. at 396. This court remanded for the trial court to exercise its discretion. Wright, 76 Wn. App. at 829; Tacoma Recycling, 34 Wn. App. at 396. Here, the trial court did not enter any decision. This is a different issue than the trial court failing to exercise its discretion in Wright and Tacoma Recycling. Del Duca has not cited any authority stating that remand is the proper relief when he appeals from an ostensibly final judgment and at no point took steps to complete the record.

Remanding for the entry of a written order could only lead to another appeal raising the same issues. In this appeal, Del Duca asks us to review the judgment, and that is what we have done. The rules are not designed to allow two appeals. We decline Del Duca's request to remand for entry of an order on his posttrial motion.

## STATEMENT OF ADDITIONAL GROUNDS

Del Duca raises numerous issues in a pro se statement of additional grounds. Most of these claims were addressed and rejected by the trial court, including lack of probable cause; lack of due process; motions for default, demurrer and summary judgment; prejudice of the judge; refusal of his appointed attorneys to address the issues he wanted; and speedy trial violations. Del Duca gives us no reason to review the trial court's rulings on these issues.

Del Duca claims that the Department of Corrections violated his rights by denying him access to legal information, refusing to provide medical treatment and adding terms to his sentence that were not ordered by the court. These claims against the Department of Corrections involve matters outside the trial court record and are not reviewable on direct review. See State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

Del Duca claims summarily that evidence was destroyed, that court records were altered, that he was denied hearing transcripts, that the State presented evidence at trial that he had not seen, and that the State refused to provide disclosure ordered by the court. These bare claims fail to adequately

inform the court of the nature and occurrence of the alleged errors.  RAP

10.10(c); State v. Alvarado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

Affirmed.

Becker, J.

WE CONCUR: