IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SALUD RUIZ, | ) | |
| | ) | No. 33592-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE G. CERVANTES and CYNTHIA | ) | |
| CERVANTES, husband and wife, | ) | |
| | ) | |
| Appellants, | ) | UNPUBLISHED OPINION |
| | ) | |
| RODOLFO HURTARDO and CARMEN | ) | |
| HURTARDO, husband and wife; FELIPE | ) | |
| HURTARDO, JR., and CHRISTINA | ) | |
| HURTARDO, husband and wife, | ) | |
| | ) | |
| Defendants. | ) | |

FEARING, C. J. — Appellants Jose and Cynthia Cervantes seek to vacate a default judgment entered against them when they failed to appear at a settlement conference and pretrial management conference. We hold the trial court did not abuse its discretion when denying the Cervantes' motion to vacate.

FACTS

This dispute concerns seventy acres of farmland located outside Prosser. Salud Ruiz contends that, in 2000, her deceased husband, Elias, and she purchased the land from appellants Jose and Cynthia Cervantes, husband and wife, on an oral contract. Thereafter, the Ruizes planted cherry and apple trees and installed irrigation equipment and wind machines on the land. The Ruizes farmed the property. By the end of 2006, the Ruizes had paid the full purchase price of $280,000 in cash installments.

PROCEDURE

This lawsuit ended in a default judgment. Thus, the case procedure, rather than the underlying facts, bears more importance to this appeal.

On July 29, 2010, Salud Ruiz filed a complaint for breach of contract, fraud, violation of a constructive trust, specific performance, and quiet title to real property. The complaint named Jose and Cynthia Cervantes, husband and wife, as two of the six named defendants. Other defendants leased the subject Benton County rural property. The other defendants eventually disclaimed any interest in the land, leaving the Cervantes as the only active defendants.

The lawsuit moved slowly. On March 31, 2014, Scott Johnson, attorney for Jose and Cynthia Cervantes, withdrew from representation of the defendants in the case. Johnson's motion and declaration supporting his request to withdraw did not contain an address for the Cervantes. A later declaration opposing the Cervantes' motion to vacate

2

the default judgment avers that the order allowing Scott Johnson to withdraw listed 1091 Harrison Road, Sunnyside, WA 98944, as the mailing address for the Cervantes. Our copy of the order of withdrawal contains no mailing address for the Cervantes. The Cervantes remained unrepresented by legal counsel for a year.

On October 10, 2014, the trial court entered a sixth amended civil case scheduling order, which listed dates for the case, including:

14. Settlement Conference (in person)                    01/08/2015
15. Last Date for Filing and Serving Trial Management Report
                                                         01/12/2015
16. Pretrial Management Conference (in person)
                                                         01/15/2015
17. Trial Memoranda, Motions in Limine, Jury Instructions to be filed                                             01/26/2015
18. Trial Date and Motions in Limine                     02/09/2015

Clerk's Papers (CP) at 25 (boldface omitted). The court administrator's office mailed the case scheduling order to Jose Cervantes at 5881 Bethany Rd., Sunnyside, WA 98944. We do not know the provenance of the Bethany Road address. The postal service returned the letter to the court administrator's office with the notation "ATTEMPTED— NOT KNOWN, UNABLE TO FORWARD." CP at 27.

On December 10, 2014, the superior court administrator's office sent three hearing notices, with scheduled dates, respectively for the settlement conference, pretrial management conference, and trial. The court administrator mailed the notices to Jose and Cynthia Cervantes at 5881 Bethany Rd., Sunnyside, WA 98944. The postal service

3

No. 33592-5-III
*Ruiz v. Cervantes*

returned the notices as "NOT DELIVERABLE AS ADDRESSED." CP at 32.

An alert counsel for Salud Ruiz arranged for personal delivery of the three hearing notifications on the Cervantes. An affidavit of service declares that, on December 18, 2014, Dennis Copeland with Legal Couriers, Inc., served a copy of the notice of settlement conference, notice of pretrial management conference, and notice of trial date on the Cervantes by personal service on Jose Cervantes at 7481 Van Bell Road, Sunnyside, WA 98944.

Jose and Cynthia Cervantes failed to appear for the settlement conference scheduled for January 8, 2015. The Benton County Superior Court commissioner waited for one-half hour, with only Rickey Kimbrough, attorney for Salud Ruiz, in appearance. Nevertheless, on January 8, Jose Cervantes called Kimbrough's office, and Kimbrough's secretary provided the time and location for the hearing.

On January 15, 2015, Rickey Kimbrough, attorney for Salud Ruiz, attended the scheduled pretrial management conference. The Cervantes did not appear. Kimbrough moved the trial court to grant default judgment due to the Cervantes' failure to appear. The trial court entered no formal order of default. The trial court impliedly granted the motion for default. Clerk's notes for that day read:

> Findings of Fact & Order of Default to be prepared by Mr. Kimbrough [Salud Ruiz's counsel]. Case to be set on a special set for presentation and entry of orders. Mr. Kimbrough will arrange for [hearing] with court [administration].

4

CP at 46.

On February 25, 2015, Salud Ruiz filed a proposed order of default and motion for default judgment, supported by declarations from Rickey Kimbrough and Ruiz. Salud Ruiz's declaration outlined the facts behind the sale of the property from the Cervantes to the Ruizes and the Ruizes' improvements and work on the property. The declaration attached extensive exhibits confirming use of the land. On February 26, Dennis Copeland served the Cervantes with the pleadings supporting the motion for default, the proposed order of default, and a notice of hearing scheduled for March 6, 2015, for entry of the default by personally serving Jose Cervantes at 7481 Van Bell Road, Sunnyside, WA 98944.

On March 6, 2015, Salud Ruiz, through counsel, presented to the Benton County Superior Court the proposed order of default and entry of default judgment. Jose Cervantes appeared pro se. The court allowed Cervantes to explain why he failed to appear for the settlement conference and the pretrial management conference. Cervantes first admitted that someone served him with papers for the conferences. He stated that he arrived at the courthouse on time for a conference, although he does not identify which conference. He lacked his information, so he called Salud Ruiz's attorney's office and spoke to Rickey Kimbrough's secretary over the phone. The secretary directed Cervantes to the Benton County Superior Court office, presumably the court administration office where counsel and parties wait for conferences.

During the March 6 hearing, Cervantes later denied being served papers, but he did not explain how he knew of the conference or conferences if he received no papers. Finally, he admitted being served with the papers for the March 6 default hearing. In response, Rickey Kimbrough commented that the court administrator's office lacked the correct address for the Cervantes so Salud Ruiz hired a process server to serve all notices and pleadings on the Cervantes.

At the conclusion of the March 6, 2015, default hearing, the trial court observed that the lawsuit began in 2010. The court noted that the Cervantes held an obligation to forward their mailing address to the court, and Ruiz had even served Jose Cervantes with notices and pleadings. The trial court entered an order of default and a decree quieting title in the Benton County farmland in favor of Salud Ruiz.

Jose and Cynthia Cervantes procured new legal counsel. On May 14, 2015, Jose Cervantes, through counsel, filed a motion to vacate the default judgment and decree quieting title. On the day of the vacation hearing, May 29, 2015, Jose Cervantes called the Benton County clerk's office and requested the court to strike his motion to vacate. The trial court, however, proceeded with the hearing as scheduled. Cervantes failed to appear. Salud Ruiz, through counsel, appeared for the motion hearing and requested the court deny Cervantes' motion for relief from judgment. The trial court granted Ruiz's request and denied Cervantes' motion.

6

On July 26, 2015, Jose and Cynthia Cervantes filed a notice of appeal from the May 29 order denying the Cervantes' motion for relief from judgment. The Cervantes then obtained a stay of the appeal because they intended to renew their trial court motion for relief from judgment. On November 12, 2015, Salud Ruiz sent this court a letter requesting dismissal of the Cervantes' appeal because the Cervantes had not pursued the appeal and had not renewed their motion for relief from judgment. Our court commissioner ruled that this court would dismiss the Cervantes' appeal without further notice on February 1, 2016, if the Cervantes did not (1) file their statement of arrangements and designation of clerk's papers by February 1, or (2) file a renewed motion for relief from judgment with the trial court by the same date.

On January 29, 2016, Jose and Cynthia Cervantes filed a new motion for relief from the March 6, 2015 judgment. The Cervantes never applied for an order to show cause. The motion sought to vacate the default order and default judgment under Benton County LCR 16, CR 55, and CR 60, although the motion did not identify the subsections of CR 55 or CR 60 on which the Cervantes based the motion. Through their counsel, the Cervantes argued their motion for relief before the superior court on May 12, 2016. The court denied the Cervantes' motion. The Cervantes then resumed this appeal.

## LAW AND ANALYSIS

On appeal, Jose and Cynthia Cervantes contend the trial court abused its discretion when denying their motion for relief from judgment for four reasons. First, errors in the

7

service of hearing notifications deprived them of due process. Second, Salud Ruiz never produced evidence to substantiate her substantive claims. Third, manifest injustice resulted from a refusal to vacate the default judgment. Fourth, entry of a default was an excessive sanction.

Salud Ruiz responds that Jose and Cynthia Cervantes' motion for relief was procedurally deficient because they failed to bring their renewed motion within one year of judgment, as required by CR 60(e)(1) and (2), and because the Cervantes never procured an order to show cause as to why the judgment should not be vacated. Ruiz also argues that default was an appropriate sanction under Benton County LCR 16 and the Cervantes have failed to demonstrate good cause sufficient to set aside the order of default and default judgment. We reject Salud Ruiz's procedural arguments. Nevertheless, we hold that the trial court did not abuse its discretion when denying the motion to vacate the default order and the judgment quieting title.

This court reviews a trial court's decision on a motion to vacate an order of default or default judgment for abuse of discretion. *Morin v. Burris*, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). Discretion is abused if exercised on untenable grounds or for untenable reasons. *Morin v. Burris*, 160 Wn.2d at 753; *Yeck v. Department of Labor & Industries*, 27 Wn.2d 92, 95, 176 P.2d 359 (1947). A trial court that misunderstands or misapplies the law bases its decision on untenable grounds. *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007).

8

Timeliness of CR 60 Motion

Before addressing the arguments presented by Jose and Cynthia Cervantes in favor

of vacating the default order, we must determine whether the Cervantes timely forwarded

their motion. Ruiz's argument concerns the Cervantes' second motion to vacate, filed

January 29, 2016, and heard on May 12, 2016. Ruiz asserts the Cervantes failed to bring

the motion to vacate in accordance with CR 60(b), (e)(1), and (e)(2).

CR 60 declares, in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered
> Evidence; Fraud; etc. On motion and upon such terms as are just, the court
> may relieve a party or the party's legal representative from a final
> judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or
> irregularity in obtaining a judgment or order;
>
> . . . .
> (5) The judgment is void;
>
> . . . .
> (11) Any other reason justifying relief from the operation of the
> judgment.
> The motion *shall be made* within a reasonable time and for reasons
> (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding
> was entered or taken. . . .

(Emphasis added and boldface omitted.) Salud Ruiz contends that the Cervantes failed to

meet the one year deadline in CR 60(b) because the May 12, 2016 hearing lay outside the

time limit. We disagree that we measure timeliness by the date of the hearing. Because

the Cervantes filed the motion to vacate on January 29, 2016, within one year of the

contested default order, entered on March 6, 2015, we reject Ruiz's argument.

9

Salud Ruiz's contention raises the question of whether the language of CR 60(b) requiring a motion "be made" is satisfied by filing the motion to vacate or if the motion hearing must also occur within the one year limitation. We find no Washington cases directly addressing this issue. Nevertheless, older cases refer to the satisfaction of the one year limitation by a timely filed motion or petition. *Haaga v. Saginaw Logging Co.*, 170 Wash. 93, 98, 15 P.2d 655 (1932); *Spokane Valley Power Co. v. Northern Pacific Railway Co.*, 99 Wash. 557, 559, 169 P. 991 (1918).

Recent decisions, although not directly addressing the question at issue, support the proposition that a CR 60 motion "be made" by filing of the motion to vacate and does not require the hearing to occur within the one year period. This court wrote, in *Ha v. Signal Electric, Inc.*, 182 Wn. App. 436, 454, 332 P.3d 991 (2014), with regard to what constitutes a reasonable time for purposes of filing a motion to vacate:

> The critical period is between when the moving party became aware of the judgment and when *it filed the motion to vacate*.

(Emphasis added.) In *Luckett v. Boeing Co.*, 98 Wn. App. 307, 310, 989 P.2d 1144 (1999), we declared:

> [A] motion brought under CR 60(b)(1) is timely only if it is *filed* within a reasonable time *and* not more than one year from the date of the judgment . . . .

(Some emphasis added.) Such a rule makes sense because the movant often lacks control over the date by which the trial court will entertain the motion. Also, other states

10

measure the timeliness of a motion to vacate on the date of the filing of the motion, not the date of the motion hearing. *Jonas v. Playhouse Square Condominium Association, Inc.*, 173 Conn. App. 36, __ A.3d __ (2017); *Minick v. City of Petaluma*, 3 Cal. App. 5th 15, 34, 207 Cal. Rptr. 3d 350 (2016); *Ball v. Jones*, 52 N.E.3d 813, 818 (Ind. Ct. App. 2016); *Morton County Hospital v. Howell*, 51 Kan. App. 2d 1103, 1107, 361 P.3d 515 (2015).

Order on Show Cause

Salud Ruiz also contends that the Cervantes failed to abide by CR 60(e)(1) and (2) because the Cervantes never obtained an order to show cause. CR 60(e) provides

> (1) *Motion.* Application shall be made by motion filed in the cause stating the grounds upon which relief is asked, and supported by the affidavit of the applicant or the applicant's attorney setting forth a concise statement of the facts or errors upon which the motion is based, and if the moving party be a defendant, the facts constituting a defense to the action or proceeding.
> (2) *Notice.* Upon the filing of the motion and affidavit, *the court shall enter an order* fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted.

(Emphasis added.) We note that the rule directs the court to enter the order, but does not expressly demand that the movant must apply to the trial court for the order.

Regardless of whether the movant holds an obligation to procure the order to show cause, we hold that Salud Ruiz waived this alleged defect to the Cervantes' motion. *Grossman v. Will*, 10 Wn. App. 141, 516 P.2d 1063 (1973) controls. The defendant,

11

pursuant to CR 60(b), filed and served on the plaintiffs' attorney a motion to vacate a judgment. The defendant did not procure an order to show cause, and the defendant did not serve the plaintiffs personally with the motion. After the trial court vacated the default judgment, the plaintiffs argued on appeal that the trial court lacked jurisdiction to entertain the motion because the defendant failed to serve them personally. This court held that the plaintiffs waived this argument by appearing and defending the motion to vacate.

## Service of Hearing Notices

We now move to the arguments asserted by Jose and Cynthia Cervantes in support of their quest to vacate the default judgment and decree quieting title. They first contend that errors in the service of hearing notifications deprived them of due process such that the default judgment is void.

Under CR 55(a)(3), if a party has "appeared" before a motion for default has been filed, that party is entitled to notice of the motion before the trial court may enter a valid default order. *Smith v. Arnold*, 127 Wn. App. 98, 103-04, 110 P.3d 257 (2005). Consequently, if a defendant has appeared but was not given proper notice prior to entry of the order of default, the defendant is entitled to vacation of the default judgment as a matter of right. *Tiffin v. Hendricks*, 44 Wn.2d 837, 847, 271 P.2d 683 (1954). After judgment, the burden is on the person attacking the service to show, by clear and

convincing proof, that the service was irregular. *Allen v. Starr*, 104 Wash. 246, 247, 176 P. 2 (1918).

The question of effective service is one of fact. Salud Ruiz presented the court with affidavits establishing proof of service of the settlement conference notice, the pretrial management conference notice, and the hearing for the default judgment motion. Jose Cervantes even appeared at the default judgment hearing, so he cannot argue ineffective service for the last hearing. He also stated he responded to the settlement conference notice, although he may have gone to the wrong courthouse location. During the default hearing, Jose Cervantes alternatively conceded receiving notice of the settlement conference and pretrial management conference and argued he never received the notices. The trial court concluded that Cervantes received sufficient notice. Based on the affidavits of service and Jose Cervantes' own comments, the trial court did not abuse its discretion in finding proper service.

Evidence Substantiating Ruiz's Claims

Jose and Cynthia Cervantes argue Salud Ruiz failed to produce evidence to substantiate her claims for specific performance and quiet title, and this failure renders the default judgment subject to bona fide good faith challenge. The record belies this argument. In support of the motion for entry of the default judgment, Ruiz filed a declaration that detailed the sale of the property to her and her husband, the payments

13

made by the couple, and the steps taken to improve and farm the land. Ruiz supported her testimony with extensive exhibits.

Jose and Cynthia Cervantes supply this court no legal authority to support their contention that Salud Ruiz failed to support her claims. Therefore, we do not address the argument further. This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Meeks v. Meeks*, 61 Wn.2d 697, 698, 379 P.2d 982 (1963); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012).

### Manifest Injustice

Jose and Cynthia Cervantes contend that manifest injustice will result if the default judgment remains effective. In support, they claim to have admissible evidence contradicting Salud Ruiz's claim to the property. They rely on *White v. Holm*, 73 Wn.2d 348, 438 P.2d 581 (1968) to support their implicit assertion that manifest injustice is a basis for reversing the denial of a motion to vacate a default judgment.

*White v. Holm* recognizes that a proceeding to vacate or set aside a default judgment is equitable in character, and the relief sought or afforded shall be administered in accordance with equitable principles and terms. 73 Wn.2d at 351. The Supreme Court in *White v. Holm*, however, established factors to consider when ruling on a motion to vacate a default judgment.

A party moving to vacate a default judgment must be prepared to show (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

*Little v. King*, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007) (citing *White v. Holm*, 73 Wn.2d at 352). Under this test, evidence supporting a defense is only one of four factors the movant must fulfill.

The trial court determined that Jose and Cynthia Cervantes did not timely appear for the pretrial management conference and the settlement conference. The record shows that neither Cervantes appeared at all. Therefore, the trial court did not abuse its discretion in denying the Cervantes' CR 60 motion for relief from judgment.

Draconian Relief

Finally the Cervantes argue that the trial court should have entered, on their nonappearance at the settlement and pretrial management conferences, a sanction less austere than default so that the court could resolve the suit on its merits. We note that default judgments are disfavored because it is the policy of the law that controversies be determined on the merits rather than by default. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). Nevertheless, we conclude the trial court held discretion to enter the default, and the trial court did not abuse its discretion.

15

CR 55(a)(1) reads:

**(a) Entry of Default.**
(1) *Motion.* When a party against whom a judgment for affirmative relief is sought has failed to appear, plead, *or otherwise defend* as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made.

(Emphasis added.) In two decisions, courts held that a defendant's failure to attend a pretrial conference were failures to "otherwise defend," and the nonappearance justified entry of a default judgment. *Kutz v. Independent Publishing Co., Inc.*, 101 N.M. 587, 589, 686 P.2d 277 (Ct. App. 1984); *Bush Aviation Enterprises v. Crownover*, 206 So. 2d 242, 243 (Fla. Dist. Ct. App. 1968).

Benton County LCR 16(d) expressly authorizes a default order on a party's failure to appear at a pretrial or settlement conference. The rule reads:

(d) **Sanctions.** On motion or on its own, the court may issue any just orders, including those set forth herein, if a party or its attorney: (i) fails to appear at a scheduling or other pretrial conference; (ii) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (iii) fails to obey a scheduling or other pretrial order. Sanctions may include the following:
(1) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(2) Striking pleadings in whole or in part;
(3) Staying further proceedings until the order is obeyed;
(4) Dismissing the action or proceeding in whole or in part;
(5) *Rendering a default judgment against the disobedient party*; or
(6) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

16

(Emphasis added.) Jose and Cynthia Cervantes do not argue that the Benton County local court rule conflicts with CR 55.

The dissent justifiably questions the validity of our decision in light of *Tacoma Recycling, Inc. v. Capitol Material Handling Co.*, 34 Wn. App. 392, 661 P.2d 609 (1983), which declared that a default judgment should not be taken against a defendant who fails to appear at trial if the defendant answered the complaint. We observe, however, that plaintiff Tacoma Recycling never identified either a Washington civil rule or a local rule that permitted entry of a default judgment when the defendant failed to appear at trial.

Some facets of *Tacoma Recycling, Inc. v. Capitol Material Handling Co.* are consistent with our opinion. Despite defendant failing to appear at trial, plaintiff presented evidence to substantiate its claim, including damages. The trial judge orally ruled in favor of plaintiff on completion of the evidence. Six weeks later, without notice to defendant, the trial court, on plaintiff's presentment, signed the plaintiff's proposed findings of fact, conclusions of law, and judgment. On appeal, plaintiff sought to uphold the judgment on the ground that defendant defaulted by its failure to appear at trial. This court disagreed and vacated the judgment. This court ruled that plaintiff should have given notice to defendant of plaintiff's presentment of the findings, conclusions, and judgment. The case was remanded for plaintiff to provide the five days' notice for presentment of final pleadings.

17

Salud Ruiz served on the Cervantes, more than one week in advance, a notice of the default hearing together with supporting pleadings. At the default hearing, Ruiz presented testimony, through affidavits, to support her claim.

One may question the cogency of a rule that permits a default judgment when the defendant fails to appear at a settlement conference or a pretrial management conference, but not if the defendant fails to appear at trial. A trial may be a more important proceeding than a settlement conference or pretrial conference. Nevertheless, some factors sustain such a distinction. Plaintiff may only learn of defendant's absence from trial at the time of trial when plaintiff and her witnesses are already present in the courtroom. Plaintiff may then summarily present her evidence and prevail without entering a default against defendant. A default judgment at trial serves little purpose. The purpose of a settlement conference is to encourage the parties to settle in order to render a trial unnecessary and thereby conserve judicial resources. A party thwarts this purpose by failing to attend a settlement conference. The purpose of a pretrial management conference is to streamline an upcoming trial in order to conserve judicial resources. A party thwarts this purpose by missing a pretrial conference. Sound reason lies behind entering a default when a defendant squanders judicial resources.

No. 33592-5-III
*Ruiz v. Cervantes*

CONCLUSION

We affirm the trial court's denial of Jose and Cynthia Cervantes' motion to vacate the default judgment and decree quieting title in favor of Salud Ruiz.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

I CONCUR:

_____
Korsmo, J.

19

SIDDOWAY, J. (dissenting) — No reported Washington decision has ever held that after a defendant appears and answers a complaint, his failure to attend a trial court conference or obey a scheduling order constitutes a "fail[ure] to . . . otherwise defend" that will support entry of a default judgment under CR 55(a)(1). I do not believe that reading the rule that broadly is consistent with well settled Washington case law that "we do not favor default judgments. We prefer to give parties their day in court and have controversies determined on their merits." *Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956 (2007) (citation omitted). A default judgment cannot even be taken against a party who fails to attend the trial, if the party has appeared and answered the complaint. *Tacoma Recycling, Inc. v. Cap. Material Handling Co.*, 34 Wn. App. 392, 395, 661 P.2d 609 (1983) (A party who files required pleadings is not subject to default merely because he is not present in court when the case is called for trial. (citing 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682, at 409-10 (2d ed. 1983))).

While Benton County LCR 16(a)(4)(B) and (d) authorize entry of a default judgment for failure to attend a conference, I seriously question whether that local rule is consistent with the civil rules, particularly CR 16 and CR 55. RCW 2.04.210 and CR 83(a) authorize the adoption of local rules of superior court, but subject to requirements that they not be "in conflict with" or "inconsistent with" rules prescribed by the Supreme

Court. The Supreme Court knows how to authorize entry of a default judgment as a sanction when it wants to. *See* CR 37(b)(2)(C). It has not done so in CR 16 or CR 55.

I disagree with the majority's unprecedented extension of CR 55(a)(1) and caution trial courts against relying on this unpublished decision under GR 14.1(a).

_____
Siddoway, J.