

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37941-8-III |
| KRISTIE LYNNE SOUZA | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER WILLIAM SOUZA, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — During dissolution proceedings, Christopher Souza moved out of the family home but failed and refused to provide his estranged wife Kristie Souza, her attorney, or the court with an updated address. The original trial date was rescheduled when the court shut down for pandemic protocol. Christopher[1] claims that he failed to appear for trial because he never received the amended scheduling order. In Christopher's absence, a trial was held, evidence was presented, and the court entered orders dissolving the parties' marriage and distributing property. After Christopher learned of the court's orders, he moved for relief from judgment under CR 60(b). The trial court denied this motion, finding that Christopher had an obligation to update his

---

[1] First names are used for clarity sake and no disrespect is intended.

address and deliberately or recklessly failed to do so. On appeal, we affirm the trial court's order denying relief.

BACKGROUND

In August 2019, Kristie Souza filed for marital divorce from Christopher Souza. Christopher responded to the petition on September 12, 2019. He "agree[d] to accept legal papers for this case at my lawyer's address, listed" as 221 N. Wall St., Suite 624, Spokane WA 99201. Regarding other divorce issues not the subject of this appeal, he disagreed with the date of separation, the proposed debt distribution, the proposed parenting plan for the couple's two children, and proposed child support amounts.

As of September 12, 2019, Christopher was living in the family home in the Spokane Valley. On November 25, 2019, the court entered temporary orders against Christopher and required him to provide a service of process address and keep it up to date through the date of final orders. Christopher claims to have moved out of the family home sometime after temporary orders were entered, but his residence during the time is otherwise unknown. On December 10, 2019, the court issued its first domestic case scheduling order to the attorneys.

On February 3, 2020, Christopher's attorney filed a notice of intent to withdraw that became effective ten days later. The withdrawal notice indicated Christopher's last known mailing address as the family home on Renz Drive in Spokane Valley. The withdrawal notice certificate of mailing indicated that the notice had been e-mailed to

2

Christopher at a particular email address and mailed to him at the same physical address.

Nothing in the court file indicated that the attorney had the wrong address. Christopher

admits that he received his former attorney's withdrawal notice by e-mail but claims that

he did not notice the physical address listed.

Ms. Souza's attorney moved to compel discovery on February 4, 2020, asserting

that Christopher was nonresponsive to interrogatories despite prior extensions.

Christopher's attorney appeared, but Christopher did not. The court granted Kristie's

motion to compel.

On March 2, 2020, Ms. Souza's attorney mailed the order to compel to

Christopher, using his parent's address. It was returned to sender. Ms. Souza's attorney

also sent subsequent witness disclosure to Christopher, using his parent's address. John

and Christine Souza indicated that their son was not living with them in March 2020. He

moved in with them sometime later but failed to specify when. Christopher admits to

receiving the order on discovery motion to compel on March 20, 2020. Sometime later in

March, Christopher asserts that he called the court clerk for information on his case. He

did not update his address.

In April 2020, Kristie attempted to get a current address from Christopher. He

responded by text that his current address was the family home, even though he did not

live there. He refused to provide another address.

On April 16, 2020, the trial court issued an amended case scheduling order resetting the trial to August 3, 2020. As provided in the attorney withdrawal notice, the court mailed the scheduling order to Christopher's last known address, the home where Kristie was living. While Kristie declared that she provided Christopher with his mail when the children were exchanged, Christopher denied receiving the case schedule order.

At the pretrial hearing on July 23, Christopher did not show up. Christopher claimed that he was not notified of the pretrial date. The parties agree that a joint trial management report was not filed with the court as required by local rule. On August 1, 2020, Christopher signed up for informed delivery service with the United States Postal Service, indicating that the Renz Drive address was his residence.

On August 3, 2020, when Christopher failed to appear, the trial court proceeded to trial, heard Kristie's evidence, and entered a dissolution decree, parenting plan, and order on child support. Christopher received copies of the final orders the next day.

Christopher hired new counsel, who filed a notice of appearance on August 25, 2020. On October 15, 2020, Christopher moved to vacate the final orders and judgment, claiming excusable neglect and that the orders were based on misrepresentations by Kristie Souza. He blamed the COVID-19[2] pandemic for his failures to participate in the divorce proceedings and claimed that a court clerk told him in July that civil trials were

---

[2] Coronavirus disease.

4

not going forward. Christopher claimed to have updated his address with the court to his parent's house in July.

The court did not find Christopher to be credible. The court noted that family law trials had resumed in May 2020, and the court file did not reflect that Christopher had ever updated his address with the court. The failure to do a joint trial management report was not found to be dispositive. The court found that Christopher's attorney was not mistaken in providing the family home as Christopher's last known address, and that Christopher had intentionally failed to provide a new address. The court denied the motion to vacate and incorporated oral findings on the record. Attorney fees were denied. Christopher timely appealed.

## ANALYSIS

Christopher moved to vacate the trial court's judgment under CR 60(b). This rule provides that "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." A trial court's order denying relief from judgment is reviewed for abuse of discretion. *Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wn.2d 790, 820, 490 P.3d 200 (2021). Judicial discretion "means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

"Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.*

We must first address whether the trial court entered a default judgment against Christopher when he failed to appear for trial. On appeal, Christopher argues that the more lenient standard applicable to default judgments should apply to this case. "Courts apply CR 60(b) more liberally to judgments by default than those on the merits." *Stanley v. Cole*, 157 Wn. App. 873, 879, 239 P.3d 611 (2010). Kristie responds that Christopher did not default because he appeared in the case and participated in preliminary hearings. She also points out that the court did not enter an order of default but conducted a trial, took evidence and testimony, and entered findings and conclusions supporting its judgment.

Under CR 55(a)(1), a court may enter an order of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made to appear by motion and affidavit, a motion for default may be made."

In this case, Christopher appeared and answered Kristie's petition for dissolution. Up until his attorney withdrew, Christopher engaged in the proceedings. His failure to appear at a duly noted trial is not the equivalent of failing to appear or prosecute a case.

*See Cole*, 157 Wn. App. at 880; *Tacoma Recycling, Inc. v. Capitol Material Handling Co.*, 34 Wn. App. 392, 394-95, 661 P.2d 609 (1983) (judgment did not qualify as default judgment though defendant failed to attend bench trial because the defendant had previously appeared and filed pleadings).

Additionally, we note that when a plaintiff or petitioner seeks a default judgment under CR 55, they may file a motion for default. In this case, there was no motion for default. Instead, the trial court held a trial, considered evidence, and entered a judgment on the merits.

Christopher suggests that despite the findings, conclusions, and orders entered by the trial court after taking testimony, the trial was not a hearing on the merits because the trial was too short and the evidence insufficient. He fails to cite any authority that these factors are determinative of the merits of a trial.

He also contends that *In re Marriage of Olsen*, 183 Wn. App. 546, 553, 333 P.3d 561 (2014), relied on by Kristie, is factually distinguishable. In *Olsen*, neither the husband nor his attorney appeared for trial. The court proceeded with the trial, took evidence, and entered a judgment. On appeal, the wife initially argued that the husband was using his motion to vacate as a substitute for an appeal. Since he failed to appeal, she argued that he should be precluded from filing a motion to vacate. We rejected this argument after noting that there was nothing for the husband to reconsider or appeal because he conceded that the evidence was sufficient and failed to make any objections at

trial. Turning to the motion to vacate, we held that the trial court's final orders, following a one-party trial, were on the merits, and would not be reviewed under the more liberal default judgment standard.

In this case, Christopher argues that *Olsen* should not apply because he is contesting the sufficiency of evidence to support the final order. This argument misses the point. *Olsen* held that a judgment entered after a one-party trial on the merits would not be considered a default judgment for purposes of a motion to vacate. *Olsen*, 183 Wn. App. at 556. The holding in *Olsen* is directly applicable to this case and supports Kristie's argument that the judgment entered after a trial was not a default judgment.

Otherwise, Christopher devotes a majority of his briefing to support his argument that a default judgment was entered and relief is available if he can make out a prima facie defense. Having concluded that this was a decision on the merits and not by default, we apply the proper standard in determining whether the court abused its discretion in denying Christopher's motion for relief from judgment. In his motion for relief from judgment, Christopher argued that his failure to appear at trial was due to his attorney's mistake in providing the wrong address and procedural irregularities. He contends that when his attorney withdrew, the attorney mistakenly provided the family home as the last known address, even though Christopher had not lived there for several months. Christopher indicated that he missed the wrong address on the notice of withdrawal and failed to update his address until July after the notice of trial was mailed.

Kristie objected to Christopher's motion for relief, noting that Christopher had continued to use the family home as his address and refused to provide her with an updated address. She also noted that while Christopher suggested she had an obligation to keep him informed, Christopher never asked her about the status of their dissolution.

The trial court denied the motion for relief. At the hearing on the motion, the court noted that Christopher failed to appear at a hearing while he was still represented by an attorney who knew how to reach him. The attorney then withdrew and provided a last known address. Despite claiming this was a mistake by his former attorney, Christopher did not submit a declaration by the attorney admitting to a mistake. Meanwhile, Christopher would not give Kristie his address, and mail sent to his parents was returned unopened. At the time of the motion, the court still did not have an updated address. The court found that any mistake was intentional, noting that Christopher had failed to appear at hearings when represented, failed to comply with contempt orders, and failed to provide discovery. Given this failure to participate and engage, the court found that Kristie's failure to submit a joint trial management report was understandable and not a procedural irregularity sufficient to set aside a judgment.

At the hearing before the superior court, Christopher argued that his failure to appear at trial was due to his attorney's mistake in providing the wrong address. The trial court did not accept this reason. Even if Christopher's attorney did make a mistake, the

9

general rule is that an attorney's negligence does not constitute grounds for vacating a judgment under CR 60(b). *Olsen*, 183 Wn. App. at 556.

Nor did Christopher submit evidence of an irregularity sufficient to set aside a judgment. Christopher contends that Kristie's failure to demand a Trial Management Report under Spokane County Local Rule 16, constituted such an irregularity. This rule requires parties to submit a joint report about the expected issues to be presented at trial. Christopher suggests that by failing to insist on this joint report, Kristie and her attorneys were lulling Christopher into believing that nothing was happening in the dissolution proceeding.

"Irregularities pursuant to CR 60(b)(1) occur when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unseasonable time or in an improper manner." *Mosbrucker v. Greenfield Implement, Inc.*, 54 Wn. App. 647, 652, 774 P.2d 1267 (1989). Christopher does not attempt to argue that the Trial Management Report was "necessary for the orderly conduct of trial." *Id*. As the trial court noted, even though the rule mandates the reports, parties often miss them. Moreover, given Christopher's demonstrated history of active disengagement, it was perfectly understandable that Kristie would not insist on preparing a joint report for trial.

The trial court did not abuse its discretion in denying Christopher's motion for relief from judgment. While Christopher continues to argue that various people failed to

contact him, he fails to claim that he made any attempt to ask Kristie or her attorneys about the dissolution status. Instead, the evidence is that he disengaged from the proceedings even before his attorney withdrew and avoided any legal mail by refusing to give his address and having mail sent to his parents returned unopened. Because the court did not abuse its discretion by denying the motion for relief from judgment, we do not consider Christopher's substantive challenges to the judgment itself.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.

11